■ OLGA-MIRANDA RIVERA et al., Appellants, v AMBASSADOR FUEL AND OIL BURNER CORP. et al., Respondents, et al., Defendant. HOLIND REALTORS, INC., Third-Party Plaintiff-Respondent, v EASTMOND & SONS BOILER REPAIR AND WELDING SERVICES, INC., Sued Herein as A.L. EASTMOND & SONS, INC., Third-Party Defendant-Respondent. AMBASSADOR FUEL AND OIL BURNER CORP., Second Third-Party Plaintiff-Respondent, v EASTMOND & SONS BOILER REPAIR AND WELDING SERVICES, INC., Sued Herein as A.L. EASTMOND & SONS, INC., Second Third-Party Defendant-Respondent. [845 NYS2d 25]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered June 9, 2006, which granted summary judgment in favor of defendants Ambassador and Holind, and dismissed plaintiff's Labor Law § 241 (6) and § 200 and common-law negligence claims against them, unanimously modified, on the law, summary judgment as to the section 241 (6) claims denied and those claims reinstated; summary judgment to Ambassador on the section 200 claim denied and that claim reinstated; that portion of the motion by defendants Ambassador and Holind seeking judgment on their third-party claims for common-law indemnification denied as premature; and otherwise affirmed, without costs.

Plaintiffs have identified provisions of the Industrial Code (12 NYCRR)—sections 23-1.7 (g) and 12-1.9—that are sufficiently specific to support a Labor Law § 241 (6) claim, and which apply to the circumstances of this accident (*see generally Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345, 1348 [2003]). These provisions, while referring to duties of an employer, do not negate an owner's or contractor's nondelegable responsibility under section 241 (6) to provide adequate safety protections for workers (*see Rice v City of Cortland*, 262 AD2d 770, 773 [1999]).

The work performed by plaintiffs involved more than a simple cleaning of a fuel tank, and was part of a more comprehensive, overall contract for the installation of a new boiler. Based on these facts, it cannot be said, as a matter of law, that the cleaning of the tank was not related to construction (*see Nagel v D & R Realty Corp.*, 99 NY2d 98, 103 [2002]).

A worker does not become recalcitrant merely by disobeying a general instruction not to use certain equipment, if safer alternatives are not supplied (*Stolt v General Foods Corp.*, 81 NY2d 918 [1993]; *Balthazar v Full Circle Constr. Corp.*, 268 AD2d 96, 99 [2000]). The evidence supports a conclusion that, among other things, plaintiffs' decedents were dispatched to a job without an oxygen meter, a crucial piece of equipment necessary to test the oxygen content and toxicity of a fuel tank prior to cleaning. Thus, any argument that the workers' negligence contributed to the accident is unavailing.

We agree that plaintiffs' Labor Law § 200 and common-law negligence claims were properly dismissed as to Holind, as the mere presence of an owner at the work site, even if indicative of a general right of inspection, does not create an inference of supervisory control (*Matter of New York City Asbestos Litig.*, 25 AD3d 374 [2006]). Nor is there any evidence that the accident arose from a workplace condition created by, or known to, Holind, rather than from the contractor's work methods (*id.*).

In contrast, the evidence submitted by plaintiffs—that Ambassador, experienced in the boiler/burner business, was aware there was a fuel tank to be cleaned, that such tank was in an unventilated room, that the tank only had two feet of clearance space, and that the tank contained at least 12 inches of sludge—raises factual issues as to Ambassador's control over, and supervision of, the work site for purposes of plaintiffs' Labor Law § 200 and common-law negligence claims (*cf. Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876 [1993]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]).

Summary judgment based on common-law indemnification would be premature at this point in the proceedings, since no allocation could be made prior to the resolution of factual issues concerning liability (*see Donnelly v Treeline Cos.*, 13 AD3d 143, 144 [2004]).

We have considered all remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Gonzalez and Sweeny, JJ.