■ JUDITH NOSTROM, Individually and as Personal Representative of the Estate of DONALD NOSTROM, Deceased, Appellant, v A.W. CHESTERTON COMPANY et al., Defendants, and CENTRAL HUDSON GAS & ELECTRIC CORPORATION et al., Respondents. [872 NYS2d 122]—

Orders, Supreme Court, New York County (Helen E. Freedman, J.), entered January 29, 2008 and February 5, 2008, which, in an action arising out of plaintiff's decedent's alleged exposure to asbestos in the workplace, insofar as appealed from, granted defendants-respondents' motions for summary judgment dismissing as against them plaintiff's Labor Law § 241 (6) claims based on 12 NYCRR 12-1.4 (b) (3), (4) and 12-1.6 (a), unanimously affirmed, without costs.

We hold that owner/contractor vicarious liability under Labor Law § 241 (6) cannot be based on the Industrial Code (12 NYCRR) part 12 regulations invoked by plaintiff. The provisions of 12 NYCRR part 23 ("Protection in Construction, Demolition and Excavation Operations") were promulgated by the commissioner pursuant to the authority conferred by Labor Law § 241 (6), regulate construction, demolition and excavation work and expressly apply to, inter alia, "owners, contractors and their agents." By contrast, part 12 ("Control of Air Contaminants") applies without regard to whether construction, demolition or excavation work is performed, and gives no indication either that it was promulgated pursuant to Labor Law § 241 (6) or that it contemplates owner/contractor vicarious liability (*see* 12 NYCRR 12-1.2). We note that plaintiff does not invoke 12 NYCRR 23-1.7 (g), a part 23 regulation that prohibits work in an "unventilated confined area" where dangerous air contaminants may be present unless the atmosphere of such area is first tested by the employer in accordance with part 12, and makes such areas otherwise subject to part 12 (*see Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345, 1347-1348 [4th Dept 2003], citing, inter alia, *Mazzocchi v International Bus. Machs.*, 294 AD2d 151, 152 [1st Dept 2002]; *see also Rivera v Ambassador Fuel & Oil Burner Corp.*, 45 AD3d 275, 275 [2007]). This specific provision of part 23 reinforces our conclusion that the provisions of part 12 do not—except to the extent incorporated by part 23—support an action under Labor Law § 241 (6). Alternatively, we hold that the two regulations invoked by plaintiff are not sufficiently specific to support a section 241 (6) claim for asbestos-related injury (*contra Piazza*). Neither contains specific methods, standards, directives or controls on work processes involving asbestos-containing materials. Concur—Gonzalez, J.P., Buckley, Catterson, McGuire and Acosta, JJ.