■ Boris Kagan et al., Appellants, v BFP One Liberty Plaza et al., Respondents. (And a Third-Party Action.) [879 NYS2d 119]—

Judgment, Supreme Court, New York County (Jane S. Solomon, J.), entered April 14, 2008, inter alia, dismissing the complaint, unanimously affirmed, without costs.

Plaintiffs failed to raise an issue of fact whether defendants either created or caused the condition complained of or exercised supervision or control over the work performed by the injured plaintiff and had actual or constructive notice of the condition so as to sustain the Labor Law § 200 and common-law negligence claims (*see Buckley v Columbia Grammar & Preparatory*, 44 AD3d 263, 272 [2007], *lv denied* 10 NY3d 710 [2008]). The dust and debris that accumulated in the office building in which plaintiff performed fine cleaning resulted not from any act or omission of defendants but from the terrorist attacks that caused the Twin Towers of the World Trade Center to collapse. Nor, by submitting an affidavit by plaintiff that contradicts his prior sworn testimony, did plaintiffs raise a genuine issue of fact whether defendants, rather than plaintiff's employer, third-party defendant Triangle Services, Inc., supervised or controlled

his work (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Lupinsky v Windham Constr. Corp*, 293 AD2d 317, 318 [2002]). In any event, the fact that representatives of defendants gave general instructions as to what needed to be done and performed monitoring and oversight of the timing and quality of the work is insufficient to support these claims (*see Dalanna v City of New York*, 308 AD2d 400, 400 [2003]). As to the issue of notice, defendants' duty to reasonably inspect the air quality in the building was satisfied by their consultant's report that the samples analyzed for airborne toxins were all within acceptable levels. Plaintiffs' expert's conclusory opinion that the consultant's monitoring and testing were inadequate and that the indoor environment of the building was hazardous and unsafe is of no probative value since it is based entirely on his review of documents and fails to indicate that he conducted any testing during the relevant time period (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]; *Machado v Clinton Hous. Dev. Co., Inc.*, 20 AD3d 307, 307-308 [2005]).

Plaintiffs' Labor Law § 241 (6) claim fails because the injured plaintiff was not "engaged in duties connected to the inherently hazardous work of construction, excavation or demolition" (*Nagel v D & R Realty Corp.*, 99 NY2d 98, 101 [2002]). Plaintiffs also failed to raise an issue of fact whether the injuries were proximately caused by a violation of an applicable Industrial Code or other regulation that sets forth a specific standard of conduct rather than a general statement of common-law principles (*see Padilla v Frances Schervier Hous. Dev. Fund Corp.*, 303 AD2d 194, 196 [2003]). Plaintiffs have conceded that the regulations they relied on in the motion court are either nonexistent or inapplicable. To the extent that they allege violations of arguably applicable Industrial Code violations for the first time on appeal, these provisions have no basis in the record and cannot be considered as predicates for the Labor Law § 241 (6) cause of action (*compare Padilla*, 303 AD2d at 196 n 1 [considering violations first raised by plaintiff in opposition to motion to dismiss]). In any event, these provisions do not avail plaintiffs. Industrial Code (12 NYCRR) § 23-1.7 (g) is inapplicable to the facts of this case since it expressly applies to work in any "unventilated *confined* area" (emphasis added), such as a sewer, pit, tank, or chimney, "where dangerous air contaminants may be present or where there may not be sufficient oxygen to support life," and the provisions of 12 NYCRR part 12, standing alone, are not sufficiently specific to support a cause of action under Labor Law § 241 (6) (*Nostrom v A.W. Chesterton Co.*, 59 AD3d 159 [2009]).

We have considered plaintiffs' remaining contentions and find

them unavailing. Concur—Andrias, J.P., Saxe, Nardelli and Freedman, JJ.