[940 NE2d 551, 914 NYS2d 725]

JUDITH NOSTROM, Individually and as Personal Representative of the Estate of DONALD NOSTROM, Deceased, Appellant, v A.W. CHESTERTON COMPANY et al., Defendants, and CENTRAL HUDSON GAS & ELECTRIC CORPORATION et al., Respondents.

Argued October 12, 2010; decided November 18, 2010

## POINTS OF COUNSEL

*Weitz & Luxenberg, P.C.*, New York City (*Alani Golanski* of counsel), for appellant. Industrial Code (12 NYCRR) part 12, like part 23, contains specific and concrete construction-related provisions, the violation of which triggers Labor Law § 241 (6) accountability. (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343; *Misicki v Caradonna*, 12 NY3d 511; *Ferreira v Village of Kings Point*, 68 AD3d 1048; *Cammon v City of New York*, 21 AD3d 196; *Husak v 45th Ave. Hous. Co.*, 52 AD3d 782; *Osorio v Kenart Realty, Inc.*, 35 AD3d 561; *Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345; *Rivera v Ambassador Fuel & Oil Burner Corp.*, 45 AD3d 275; *Creamer v Amsterdam High School*, 241 AD2d 589; *Long v Forest-Fehlhaber*, 55 NY2d 154.)

*Landman Corsi Ballaine & Ford, P.C.*, New York City (*William G. Ballaine* and *Erin Glover-Frey* of counsel), for Sequoia Ventures, Inc., respondent. I. The Industrial Code (12 NYCRR) part 12 regulations were not promulgated pursuant to Labor Law § 241 (6) and cannot, standing alone, support plaintiff's section 241 (6) vicarious liability claim against Bechtel Corporation, as a nonemployer general contractor. (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Rufo v Orlando*, 309 NY 345; *Komar v Dun & Bradstreet Co., Inc.*, 284 App Div 538; *Campuzano v Board of Educ. of City of N.Y.*, 54 AD3d 268; *Akins v Baker*, 247 AD2d 562; *Rothschild v Faber Homes*, 247 AD2d 889; *Colucci v Equitable Life Assur. Socy. of U.S.*, 218 AD2d 513; *Rosen v McGuire & Bennett*, 189 AD2d 966; *Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343; *Affri v Basch*, 13 NY3d 592.) II. The Industrial Code (12 NYCRR) part 12 regulations relied upon by plaintiffs are not sufficiently specific and concrete to support plaintiff's Labor Law § 241 (6) vicarious liability claim against Bechtel Corporation, as a nonemployer general contractor. (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Misicki v Caradonna*, 12 NY3d 511; *Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345; *Osorio v Kenart Realty, Inc.*, 35 AD3d 561.)

*Davis Polk & Wardwell LLP*, New York City (*Guy Miller Struve* and *Lesley Bark* of counsel), and *Richard W. Babinecz, Andrew J. Czerepak* and *Timothy M. McCann* for Orange & Rockland Utilities, Inc., respondent. I. Except insofar as it is expressly incorporated by part 23 of the Industrial Code (12 NYCRR), part 12 of the Industrial Code does not impose liability upon owners and general contractors pursuant to section 241 (6) of the Labor Law. (*Matter of ATM One v Landaverde*, 2 NY3d 472; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577; *Tompkins v Hunter*, 149 NY 117; *City Bank Farmers Trust Co. v Ardlea Incorporation*, 267 NY 224; *Matter of Albano v Kirby*, 36 NY2d 526; *Matter of Amorosi v South Colonie Ind. Cent. School Dist.*, 9 NY3d 367; *Morales v County of Nassau*, 94 NY2d 218; *Thoreson v Penthouse Intl.*, 80 NY2d 490; *Conte v Large Scale Dev. Corp.*, 10 NY2d 20; *Matter of Thomas v Bethlehem Steel Corp.*, 63 NY2d 150.) II. In the alternative, on the facts of this case, the provisions of part 12 of the Industrial Code (12 NYCRR) relied upon by plaintiff are insufficiently specific to support a cause of action under Labor Law § 241 (6). (*Misicki v Caradonna*, 12 NY3d 511; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345.)

*Thompson Hine LLP*, New York City (*Joseph B. Koczko, Robert T. Barnard* and *Ruthe A. Nepf* of counsel), for Central Hudson Gas & Electric Corp., respondent. I. The court below correctly ruled that a cause of action under section 241 (6) of the Labor Law must allege a violation of the implementing regulations contained in part 23 of the Industrial Code (12 NYCRR). (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Naso v Wates & Co.*, 21 AD2d 679, 15 NY2d 667; *Wallach v United States*, 291 F2d 69; *Rivera v Ambassador Fuel & Oil Burner Corp.*, 45 AD3d 275; *Mazzocchi v International Bus. Machs.*, 294 AD2d 151; *Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343; *Misicki v Caradonna*, 12 NY3d 511; *Rangolan v County of Nassau*, 96 NY2d 42; *Cohen v Lord, Day & Lord*, 75 NY2d 95; *Matter of Garzilli v Mills*, 250 AD2d 131.) II. The case law provides scant support for plaintiff's theories. (*Creamer v Amsterdam High School*, 241 AD2d 589; *Kaczmarek v Bethlehem Steel Corp.*, 884 F Supp 768; *Vernieri v Empire Realty Co.*, 219 AD2d 593; *Rothschild v Faber Homes*, 247 AD2d 889; *Mazzocchi v International Bus. Machs.*, 294 AD2d 151; *Colucci v Equitable Life Assur. Socy. of U.S.*, 218 AD2d 513; *Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345; *Pelleschi v City of Rochester*, 198 AD2d 762; *DaBolt v Bethlehem Steel Corp.*, 92 AD2d 70.) III. The Industrial Code (12 NYCRR) part 12 regulations upon which plaintiff relies are not sufficiently specific to support a Labor Law § 241 (6) cause of action. (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494; *Desharnais v Jefferson Concrete Co., Inc.*, 35 AD3d 1059.)

**OPINION OF THE COURT**

GRAFFEO, J.

The issue before us is whether vicarious liability under Labor Law § 241 (6) may be predicated solely on a violation of regulations contained in part 12 of the Industrial Code. We conclude that it may not.

During the 1970s and 1980s, decedent Donald Nostrom worked as a boilermaker for subcontractors on construction projects at various energy facilities, including those owned by defendants Orange & Rockland Utilities, Inc. (O&R) and Central Hudson Gas & Electric Corp. According to Nostrom, defendant Sequoia Ventures, Inc., formerly known as Bechtel Corporation, served as the general contractor for two of the projects. While working at these power plants, Nostrom was allegedly exposed to asbestos through airborne dust and contact with asbestos-containing materials. He subsequently contracted mesothelioma.

Nostrom and his wife, suing derivatively, commenced this action against more than 60 defendants, including O&R, Central Hudson and Sequoia.[1] As relevant here, Nostrom asserted a Labor Law § 200 claim against Central Hudson and a violation of Labor Law § 241 (6) against each of the three defendants involved in this appeal. The section 241 (6) claim was premised on violations of Industrial Code (12 NYCRR) part 12 regulations, which require the prevention of air contamination (12 NYCRR 12-1.4 [b] [3], [4]) and the removal of dangerous air contaminants (12 NYCRR 12-1.6 [a]). After discovery, defendants separately moved for summary judgment dismissing the complaint.[2]

Supreme Court granted the motions and dismissed the complaint insofar as asserted against defendants. Nostrom appealed the dismissal of the Labor Law § 241 (6) cause of action and the Appellate Division affirmed, reasoning that a violation of regulations from part 12 of the Industrial Code cannot sustain a section 241 (6) claim (59 AD3d 159 [1st Dept 2009]). Alternatively, the Appellate Division concluded that the two regulations invoked by Nostrom were not "sufficiently specific to support a section 241 (6) claim for asbestos-related injury" (*id.* at 160). We granted Nostrom leave to appeal (13 NY3d 880 [2009]).[3]

Because defendants did not direct or control decedent's work, they can be liable only if Labor Law § 241 (6) applies, imposing vicarious liability on owners and contractors for the conduct of others. Section 241 (6) provides:

> "All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The commissioner may make rules to carry into effect the provisions of this subdivision, and

---

1. The other defendants include asbestos manufacturers and distributors. The claims against them are not before us.

2. Donald Nostrom died during the pendency of this litigation. His wife, Judith Nostrom, pursues this action as the personal representative of his estate.

3. We dismissed the motion for leave to appeal insofar as it sought leave to appeal against Consolidated Edison Company of New York, Inc. upon the basis that as to that party, the order did not finally determine the action within the meaning of the Constitution.

the owners and contractors and their agents for such work, except owners of one and two-family dwellings who contract for but do not direct or control the work, shall comply therewith."

The second sentence of this provision, requiring owners and contractors to comply with the Commissioner of Labor's rules, creates a nondelegable duty "where the regulation in question contains a specific, positive command" (*Morris v Pavarini Constr.*, 9 NY3d 47, 50 [2007] [internal quotation marks and citation omitted]). At issue is whether the section 241 (6) claim in this case may be based on the violation of Industrial Code part 12 regulations pertaining to the control of air contaminants in the workplace.

Nostrom argues that sufficiently specific regulations are set forth in part 12 of the Industrial Code and, like those found in part 23, these may be invoked to impose vicarious liability under Labor Law § 241 (6). Consequently, she asserts that O&R and Central Hudson, as owners, and Sequoia, as a general contractor, may be held liable for the alleged failures of various subcontractors to comply with sections 12-1.4 (b) and 12-1.6 (a) of the Code. Defendants respond that the Appellate Division correctly held that the relevant language and history underlying these regulations demonstrate that part 12 cannot support vicarious liability except to the extent that part 12 regulations are specifically incorporated into part 23.

In matters of statutory and regulatory interpretation, "legislative intent is the great and controlling principle, and the proper judicial function is to discern and apply the will of the [enactors]" (*Matter of ATM One v Landaverde*, 2 NY3d 472, 477 [2004] [internal quotation marks and citation omitted]). As we have noted, the text of a provision is the clearest indicator of the enactors' intent, "and courts should construe unambiguous language to give effect to its plain meaning" (*Matter of Daimler-Chrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006]). Additionally, inquiry should be made into "the spirit and purpose of the legislation, which requires examination of the statutory context of the provision as well as its legislative history" (*Landaverde*, 2 NY3d at 477 [internal quotation marks and citation omitted]).

Part 23 of the Industrial Code governs the protection of workers in construction, demolition and excavation operations. Its "Application" provision expressly states that the rules in part 23 apply to "owners, contractors and their agents obligated by the Labor Law to provide such persons with safe working

conditions and safe places to work" (12 NYCRR 23-1.3). Hence, it is clear that part 23 was promulgated pursuant to the authority granted by Labor Law § 241 (6) and that owners and contractors may be vicariously liable based on violations of part 23 regulations.[4] In contrast, the "Application" section of part 12 does not specify that its rules apply to owners, contractors and their agents (12 NYCRR 12-1.2). The absence of such wording suggests that part 12 was not created to give effect to the provisions of section 241 (6) and indicates an intent not to impose vicarious liability in connection with part 12 regulations.

Furthermore, the language of 12 NYCRR 23-1.7 (g) confirms that part 12 regulations, by themselves, were not intended to serve as a predicate for liability under Labor Law § 241 (6). Section 23-1.7 (g) makes any "unventilated confined area" where dangerous air contaminants may be present subject to the provisions of part 12. By incorporating the requirements of part 12 into this narrow subset of work sites governed by part 23— unventilated confined areas—it is evident that the intent was to impose a nondelegable duty on owners and contractors in these limited circumstances. Consequently, a plaintiff may bring a section 241 (6) claim based on a violation of a part 12 rule only where the injury occurred in an unventilated confined area, thereby triggering section 23-1.7 (g)'s "pass-through" provision (*see Rivera v Ambassador Fuel & Oil Burner Corp.*, 45 AD3d 275 [1st Dept 2007]).[5] Accepting Nostrom's position that vicarious liability may be grounded on a part 12 violation regardless of the location of the exposure would render section 23-1.7 (g) superfluous. And a construction that "renders one part meaningless should be avoided" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 515 [1991]).

Our conclusion that part 12 does not impose liability on owners and contractors under Labor Law § 241 (6), except insofar as it is expressly incorporated into part 23, is consistent with

4. Every Labor Law § 241 (6) case resolved by this Court in recent history has involved a part 23 regulation (*see e.g. Misicki v Caradonna*, 12 NY3d 511 [2009] [12 NYCRR 23-9.2 (a)]; *Morris v Pavarini Constr.*, 9 NY3d 47 [2007] [12 NYCRR 23-2.2 (a)]; *Nagel v D & R Realty Corp.*, 99 NY2d 98 [2002] [12 NYCRR 23-1.7 (d)]; *Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343 [1998] [12 NYCRR 23-1.7 (d)]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993] [12 NYCRR 23-1.25 (d)]; *Long v Forest-Fehlhaber*, 55 NY2d 154 [1982], *rearg denied* 56 NY2d 805 [1982] [12 NYCRR 23-1.30]).

5. Nostrom does not rely on 12 NYCRR 23-1.7 (g), presumably because decedent was not working in unventilated confined areas when he was exposed to asbestos.

the regulatory history underlying the two parts. Industrial Code Bulletin No. 23, part 23's predecessor, was adopted by the State Industrial Commission in 1920. In 1941, the Board of Standards and Appeals replaced the original regulations with a new rule 23, specifically referencing the rule-making authority vested in the Board by Labor Law § 241. The Board again invoked section 241 when it amended part 23 in 1963. Although the Board did not refer to section 241 when it completed its most recent substantive changes to part 23 in 1972, it is clear that part 23 continues to implement the authority granted by the Legislature under section 241 (6) because it explicitly applies to owners, contractors and their agents (*see* 12 NYCRR 23-1.3). On the other hand, although part 12's predecessor was redesignated as part 12 in 1954 and was thereafter substantially revised in 1956, 1961 and 1971, the Board did not cite section 241 as a basis for these enactments.

In short, the language and history of the relevant provisions establish that part 12 regulations do not provide a basis for liability under Labor Law § 241 (6) except to the extent that particular regulations are specifically incorporated into part 23. As a result, the Appellate Division correctly affirmed the dismissal of Nostrom's section 241 (6) claim, which was predicated solely on alleged violations of 12 NYCRR 12-1.4 (b) and 12-1.6 (a). We therefore need not reach the Appellate Division's alternative holding that the regulations in question are not specific enough to permit recovery under section 241 (6) for an asbestos-related injury.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be affirmed, with costs.

Judges CIPARICK, SMITH, PIGOTT and JONES concur; Chief Judge LIPPMAN and Judge READ taking no part.

Order, insofar as appealed from, affirmed, with costs.