Ruth Pittman, Appellant, v S.P. Lenox Realty, LLC, et al., Respondents, et al., Defendant. [989 NYS2d 359]—

In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Bunyan, J.), entered December 11, 2012, which denied her motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6) and granted the cross motion of the defendants S.P. Lenox Realty, LLC, Rubbro Realty Corp., R.S. Management, Ltd., and Larry Richards for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against them.

Ordered that the order is affirmed, with costs.

As this Court noted in our prior decisions and orders in this action (*see Pittman v S.P. Lenox Realty, LLC*, 91 AD3d 738 [2012]; *Pittman v S. P. Lenox Realty, LLC*, 49 AD3d 621 [2008]), the plaintiff's decedent died after sustaining severe burns when a halogen lamp allegedly ignited the liquid polyurethane that the decedent was using to refinish the floors in an apartment in a building owned by the defendant S.P. Lenox Realty, LLC, and managed by the defendant Rubbro Realty Corp., formerly known as R.S. Management, Ltd., where the individual defendant, Larry Richards (hereinafter collectively the Realty defendants), worked as a superintendent.

In February 2012, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6), which was predicated on violations of Industrial Code (12 NYCRR) §§ 23-1.7 (g); 12-1.6 (a) (3) and 12-1.8 (a) (1) and (c) (2) (ii) and (iv). In April 2012, the Realty defendants cross-moved for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against them. In the order appealed from, the Supreme Court denied the plaintiff's motion and granted the Realty defendants' cross motion.

"To prevail on a cause of action asserted under Labor Law § 241 (6), a plaintiff must establish a violation of an implementing regulation that sets forth a specific standard of conduct as opposed to a general reiteration of common-law principles" (*O'Hare v City of New York*, 280 AD2d 458, 458 [2001]; *see Nostrom v A.W. Chesterton Co.*, 15 NY3d 502, 507 [2010]; *Cabrera v Revere Condominium*, 91 AD3d 695, 697 [2012]).

The Realty defendants met their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing the cause of action to recover damages for violation of Labor Law § 241 (6), which was predicated on violations of Industrial Code (12 NYCRR) §§ 23-1.7 (g); 12-1.6 (a) (3) and 12-1.8 (a) (1) and (c) (2) (ii) and (iv). Industrial Code (12 NYCRR)

§ 23-1.7 (g) provides, in relevant part "[T]he atmosphere of any *unventilated confined area* . . . where dangerous air contaminants may be present or where there may not be sufficient oxygen to support life shall be tested by the employer, his authorized agent[,] or by a designated person *before* any person is suffered or permitted to work in such area" (emphasis added). "[Industrial Code] [s]ection 23-1.7 (g) makes any 'unventilated confined area' where dangerous air contaminants may be present subject to the provisions of part 12 [of the Industrial Code]" (*see Nostrom v A.W. Chesterton Co.*, 15 NY3d at 508). The plaintiff relies upon Industrial Code (12 NYCRR) §§ 12-1.8 (c) (2) (ii) and (iv), which pertain to lighting requirements in areas where flammable liquids are used, and sections 12-1.8 (a) (1) and 12-1.6 (a) (3), which set forth mechanical ventilation requirements that must be satisfied in areas where flammable liquids are used in an unprotected and exposed state.

The Realty defendants demonstrated that the alleged air contaminants were not present prior to the decedent's work and, therefore, that Industrial Code (12 NYCRR) § 23-1.7 (g) is not applicable under the circumstances here (*see* 12 NYCRR 23-1.7 [g]; *Osorio v Kenart Realty, Inc.*, 35 AD3d 561, 563 [2006]). In addition, the Realty defendants established, prima facie, that the remaining Industrial Code provisions relied upon by the plaintiff are inapplicable, as the accident did not occur in an "unventilated confined area" (12 NYCRR 23-1.7 [g]; *see Nostrom v A.W. Chesterton Co.*, 15 NY3d at 508), such as a sewer, pit, tank, chimney, or space with restricted means of egress "where dangerous air contaminants may be present or where there may not be sufficient oxygen to support life" (12 NYCRR 23-1.7 [g]; *see* 12 NYCRR 12-1.3 [f] [defining a confined space]; 12 NYCRR 23-2.8 [a]; *Kagan v BFP One Liberty Plaza*, 62 AD3d 531, 532 [2009]). In opposition to the Realty defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact.

Contrary to the plaintiff's contention, the Realty defendants' cross motion did not violate the rule against successive motions for summary judgment. "Generally, successive motions for summary judgment should not be entertained, absent a showing of newly discovered evidence or other sufficient cause" (*Sutter v Wakefern Food Corp.*, 69 AD3d 844, 845 [2010]; *see Vinar v Litman*, 110 AD3d 867, 868-869 [2013]; *Kimber Mfg., Inc. v Hanzus*, 56 AD3d 615 [2008]; *Capuano v Platzner Intl. Group*, 5 AD3d 620, 621 [2004]). Under the circumstances, the Realty defendants set forth sufficient cause to permit the Supreme Court to entertain their cross motion.

For the reasons stated above, the plaintiff failed to establish

her prima facie entitlement to judgment as a matter of law, and the Supreme Court properly denied her motion for summary judgment (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Dickerson, Leventhal and Miller, JJ., concur.