**Reinhardt v RCB1 Nominee, LLC.**

2025 NY Slip Op 31004(U)

March 25, 2025

Supreme Court, New York County

Docket Number: Index No. 160319/2017

Judge: Richard G. Latin

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. RICHARD G. LATIN                     PART                    46M

                              *Justice*

-------------------------------------------------------------------------X

JASON REINHARDT,                                        INDEX NO.          160319/2017

                                                       MOTION DATE        03/05/2024
                    Plaintiff,
                                                       MOTION SEQ. NO.       005
              - v -

RCB1 NOMINEE, LLC., TISHMAN CONSTRUCTION
CORPORATION OF NEW YORK, PINNACLE
CONTRACTING, CONCRETE & MASONRY, CORP.,                 **DECISION + ORDER ON**
PINNACLE INDUSTRIES II, LLC,EMPIRE TRANSIT MIX,               **MOTION**
INC.,

                    Defendant.

-------------------------------------------------------------------------X


RCB1 NOMINEE, LLC., TISHMAN CONSTRUCTION                      Third-Party
CORPORATION OF NEW YORK                                       Index No.

                    Plaintiff,

              -against-

FRED GELLER ELECTRICAL, INC., EMPIRE TRANSIT MIX,
INC.

                    Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 151, 152, 153, 154,
155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175,
176, 177

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

        In motion sequence number 005, plaintiff JASON REINHARDT moves, pursuant to CPLR

3212, for an order granting summary judgment against defendants RCB1 NOMINEE LLC

(hereinafter "RCB1"), TISHMAN CONSTRUCTION CORPORATION OF NEW YORK

(hereinafter "Tishman"), PINNACLE INDUSTRIES II, LLC (hereinafter "Pinnacle") and

EMPIRE TRANSIT MIX, INC. (hereinafter "Empire") under New York State Labor Law §§200,

241(6) and 12 NYCRR § 12-1.2 and 12 NYCRR 23-1.7(d) of the Industrial Code.

## BACKGROUND

Plaintiff, an employee of Gellar, was injured when he slipped and fell on ice at a construction site on 400 West 61st Street, New York, NY (*see* NYSCEF DOC. NO. 153 at pg. 58). RCB1 was the owner of the subject premises (*see* NYSCEF DOC. NO. 167 at ¶ 4). Tishman was retained to act as the construction manager of the project, known as Riverside 1 project (*id*.; *see also* NYSCEF DOC. NO. 154 at pg. 15). Defendant Pinnacle was Tishman's subcontractor and Empire was retained by Pinnacle to provide concrete for the project (*see* NYSCEF DOC. NO. 167 at ¶ 14).

Plaintiff testified that on the day of his accident, he observed cement trucks pouring concrete (*see* NYSCEF DOC. NO. 153 at pg. 31). At one point, plaintiff observed that the cement chutes of the trucks were being washed (*id*. at pg. 40). Most of the runoff water ran into a wash bin (*id*. at pg. 49). Plaintiff alleges that during the cleaning process, water spilled onto the floor, which froze and created the icy condition that caused plaintiff's accident (*see* NYSCEF DOC. NO. 152 at ¶ 95-96).

Plaintiff testified that as he was approaching a Conex box, he slipped and fell on an eight-foot by ten-foot patch of ice (*see* NYSCEF DOC. NO. 153 at pg. 58). He did not observe any ice melt on the ground at the time of the accident (*id.* at 67).

Robert Kunzelman, a superintendent for Tishman testified that "it was all our subcontractors were responsible for safety" conditions on the property. (*See* NYSCEF DOC. NO. 154 at pg. 35). He added:

> "A: In addition to that, we have laborers too, that would, as they
> were cleaning up garbage and traveling the site, they would tackle
> areas if they noticed there was an issue.
> Q: If they were working in an area and saw an icy condition, would
> you expect your Tishman employees to address it?
> A: Yes.

**160319/2017   REINHARDT, JASON vs. RCB4 NOMINEE LLC.**
**Motion No.  005**

**Page 2 of 16**

Q: Same thing with respect to the subs, as superintendent, you would
expect the subcontractor to address it if he saw it as well?
A: Absolutely. I mean it was a huge site. It was really – everybody
needed to participate." (*id.* at pg. 35-36).

Kunzelman further testified that his laborers would typically treat areas with ice melt (*id.* at 77-78). Kunzelman also stated that his labor foreman told him that ice reformed due to cold temperatures on the day of plaintiff's accident. (*id.* at 78-79). He added it "was explained to me by my labor foreman that the ice kept coming back" (*id.* at 79).

Kunzelman testified that Pinnacle was the concrete subcontractor for the project (*id.* at pg. 40). Pinnacle also had access to materials to address icy conditions like shovels and salt (*id.* at pg. 39-40). Additionally, Pinnacle was also in attendance at safety meetings (*id.* at pg. 40). He also testified that Empire was not a subcontractor of Tishman, but rather "provided the concrete for Pinnacle Industries" (*id.* at pg. 44).

Kunzelman was also questioned about an incident report, which was annexed by plaintiff in support of his motion. (*See* NYSCEF DOC. NO. 158). The incident report states:

> [Plaintiff was] walking on West 61st street within the site. Worker
> slipped on ice and fell down on the pavement [and] adjacent curb.
> Ice formed from Empire Transit concrete trucks washing out into
> container box [and] water leaking onto surface of roadway. Areas
> were previously treated with ice melt but ice reformed due to cold
> temperatures (15 F) and windy conditions (>20 MPH)
> (*see* NYSCEF DOC. 150 at pg. 1-2).[1]

Michael Mariscano testified on behalf of Pinnacle that Tishman was the management company. (*See* NYSCEF DOC. NO. 157 at pg. 16). He testified that Pinnacle worked under Tishman and they "were putting the building up for that company" (*id.* at pg. 16). He testified that

---

[1] The incident report also identifies George Gerolimatos as a witness to the accident. A witness statement signed by Gerolimatos on the date of plaintiff's accident is contained in the incident report, and states "Jason was walking towards the trailer then he slipped on the ice and his left foot slid into the curb and then his right knee hit the ground." (*id.* at pg. 5-6).

**160319/2017   REINHARDT, JASON vs. RCB4 NOMINEE LLC.**                    **Page 3 of 16**
**Motion No.  005**

3 of 16

Tishman supervised the job (*id.*). Mariscano further acknowledged that laborers would only have the responsibility to put ice melt in one of Pinnacle's areas, which included "the building that was being constructed" (*id.* at pg. 53).

Mariscano testified that Empire was one of their vendors and was "the concrete company that we use to pour the concrete" (*id.* at pg. 31-32). When asked if "Pinnacle employees supervise the washout process," Mariscano replied "no" (*id.* at pg. 68).

Scott Palisi appearing on behalf of third-party defendant Fred Geller Electrical, Inc. (hereinafter "Geller") testified that he notified Tishman of the icy condition that caused plaintiff's accident (*see* NYSCEF DOC. NO. 155 at pg. 45). Palisi was asked several times how long before the accident did he report the condition to Tishman, to which he replied that he did not recall (*id.* at pg. 32-33, 38). Palisi was again asked "how long after [he] notified Tishman did the accident occur" to which he answered "I believe I said, approximately, 40 minutes. I believe I said that, but yeah, I would think between 30 and 40 minutes" (*id.* at pg. 81). Palisi also testified that he told someone from the Empire "you're creating an ice situation" but did not recall who he spoke to from Empire (*id.* at pg. 47).

PROCEDURAL HISTORY

Plaintiff commenced this action by filing his summons and verified complaint on November 17, 2017 (*see* NYSCEF DOC. NO. 1).[2]

Plaintiff subsequently filed an amended summons and complaint adding RCB1 and Tishman as defendants on February 1, 2018 (*see* NYSCEF DOCS. NO. 5 and 6).

On January 30, 2018, all parties entered a stipulation to amend the caption naming RCB1 and Tishman as the only defendants in the instant action (*see* NYSCEF DOC. NO. 9).

---

[2] Plaintiff named defendant Tishman as "Tishman Construction" in his initial summons and complaint.

**160319/2017   REINHARDT, JASON vs. RCB4 NOMINEE LLC.**
**Motion No.  005**

Defendants RCB1 and Tishman joined issue by service of their answer on March 1, 2018 (*see* NYSCEF DOC. NO. 10).

Defendants RCB1 and Tishman subsequently filed a third-party summons and complaint against defendants Geller and Empire on April 23, 2018 (*see* NYSCEF DOC. NO. 23). Third-party defendant Geller joined issue by service of its answer on June 14, 2018 (*see* NYSCEF DOC. NO. 31).

Third party Empire joined issue by service of its answer on June 19, 2018 (*see* NYSCEF DOC. NO. 34).

In an order dated March 6, 2019, an action with a caption of *Jason Reinhardt v Pinnacle Contracting, Concrete & Masonry Corp.*, Index No. 152228/2018, was consolidated under the instant action (*see* NYSCEF DOC. NO. 50). Accordingly, Pinnacle was added as defendant to the instant action (*id.*).

In an order dated March 23, 2022, the caption was amended to add Empire as a direct defendant to the main action (*see* NYSCEF DOC. NO. 111). Subsequently, plaintiff filed a supplemental summons and complaint on September 23, 2021, naming Empire as a direct defendant to the instant action (*see* NYSCEF DOC. NO. 115 and 116).

Defendant Empire joined issue by service its answer to plaintiff's amended complaint on September 21, 2022 (*see* NYSCEF DOC. NO. 122).

Plaintiff filed his Note of Issue on September 19, 2023 (*see* NYSCEF DOC. NO. 150).

## **DISCUSSION**

It is well settled that "[t]he proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact" (*Alvarez v Prospect Hosp.,* 68 NY2d 320*,* 324 [1986], citing

**160319/2017   REINHARDT, JASON vs. RCB4 NOMINEE LLC.**
**Motion No.  005**

**Page 5 of 16**

5 of 16

*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Once the movant has made a *prima facie* showing, the burden shifts to the opposing party to "present evidentiary facts in admissible form sufficient to raise a genuine, triable issue of fact" (*Casper v Cushman & Wakefield*, 74 AD3d 669, 669 [1st Dept 2010], *lv dismissed* 16 NY3d 766 [2011] [internal quotation marks and citation omitted]).

The court's function on summary judgment is "issue-finding rather than issue-determination" (*Mayo v Santis*, 74 AD3d 470, 471 [1st Dept 2010]). In deciding the motion, "the court should draw all reasonable inferences in favor of the nonmoving party" and deny summary judgment if there is any doubt as to the existence of a material issue of fact (*Assaf v Ropog Cab Corp.*, 153 AD2d 520, 521 [1st Dept 1989] [citations omitted]). "'[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient'" to defeat a motion for summary judgment (*Siegel v City of New York*, 86 AD3d 452, 455 [1st Dept 2011], quoting *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Furthermore, since summary judgment is a drastic remedy, it should never be granted when there is any doubt as to the existence of a triable issue of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). When the existence is even arguable or debatable, summary judgment should be denied (*Stone v Goodson*, 8 NY2d 8, 12 [1960]).

As a preliminary matter, Empire argues that plaintiff's motion must be denied as procedurally defective since plaintiff failed to annex a statement of material facts to its moving papers (*see* NYSCEF DOC. NO. 161 at pg. 3-4). While defendant is correct that a failure to comply with the Uniform Rules requiring certification of the word-count can be a basis to deny an application, this court will, in its discretion, address the merits of the application (*see Cozzolino v*

**160319/2017   REINHARDT, JASON vs. RCB4 NOMINEE LLC.**
**Motion No.  005**

Page 6 of 16

*N.Y.S. Div. of Hous. & Cmty. Renewal*, NYLJ, Aug. 3, 2021 at 17, col 1 [Sup Ct, NY County 2021]).

<u>PLAINTIFF'S MOTION SEEKING SUMMARY JUDGMENT PURSUANT TO LABOR LAW § 241(6) CLAIMS</u>

Plaintiff first seeks an order granting him summary judgment pursuant to Labor Law 241(6) based on violations of 12 NYCRR §§ 12-1.2 and 23-1.7(d) of the Industrial Code.

As a preliminary matter, although plaintiff alleged in his bill of particulars that defendants violated Industrial Code sections 23-1.5, 23-1.7, 23-1.15, 23-1.16, 23-1.17, 23-1.21, 23-1.24, 23-5.1, 23-5.3, 23-5.4, 23-5.5, 23-5.6, 23-5.7, 23-5.8, 23-5.9, 23-5.10, 23-5.11, 23-5.12, 23-5.13, 23-5.14, 23-5.15, 23-5.16, 23-5.17, 23-5.18, 23-5.19, 23-5.20, 23-5.21, 23-5.22, 23.6.1, 23-6.2, 23-6.3, 23-7.1 and 23-7.2 (*see* NYSCEF DOC. NO. 57 at ¶ 12), he only claims a violation of 12 NYCRR § 23-1.2 and 12 NYCRR § 23-1.7(d) in his motion.  Thus, his "failure to address [the other rules] indicates that [he] has abandoned them as basis for liability" (*Perez v Folio House, Inc.*, 123 AD3d 519, 520 [1st Dept 20014] *citing Gary v Flair Beverage Corp.*, 60 AD3d 413, 413 [1st Dept 2009])."

Labor Law § 241(6) "imposes a nondelegable duty of reasonable care upon owners and contractors 'to provide reasonable and adequate protection and safety' to persons employed in, or lawfully frequenting all areas in which construction, excavation or demolition work is being performed" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348 [1998]).

To establish entitlement to summary judgment under Labor Law § 241(6), a plaintiff "must show that a specific Industrial Code regulation was violated and that the violation caused the complained-of injury" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 146 [1st Dept 2012]).  "The Code regulation must constitute a specific, positive command, not one that merely

**160319/2017   REINHARDT, JASON vs. RCB4 NOMINEE LLC.**
**Motion No.  005**

**Page 7 of 16**

7 of 16

reiterated the common-law standard of negligence" (*Buckley v Columbia Grammar & Preparatory*, 44 AD3d 263, 271 [1st Dept 2007], *lv denied* 10 NY3d 710 [2008]).

Under Labor Law § 241(6), "an owner or general contractor 'is vicariously liable without regard to [their] fault,' and 'even in the absence of control or supervision of the worksite,' where a plaintiff establishes a violation of a specific and applicable Industrial Code regulation" (*Bazdaric v Almah Partners LLC*, 41 NY3d 310, 318 [2024]) quoting *Rizzuto* 91 NY2d at 348-350).

Here, pplaintiff moves for summary judgment under Labor Law § 241(6) based upon violations of 12 NYCRR § 12-1.2 and 12 NYCRR § 23-1.7(d) (*see* NYSCEF DOC. NO. 132).

### 12 NYCRR § 23-1.7(d)

The First Department has held that Industrial Code 12 NYCRR § 12-1.2 cannot, on its own, support an action under Labor Law § 241(6), unless incorporated by Part 23 (*see Nostrom v. A.W. Chesteron Co.*, 59 AD3d 159, 160 [1st Dept 2009]).

> 12 NYCRR § 23-1.7(d) provides as follows:
> (d) Slipping hazards. Employers shall not suffer or permit any
> employee to use a floor, passageway, walkway, scaffold, platform
> or other elevated working surface which is in a slippery condition.
> Ice, snow, water, grease and any other foreign substance which
> may cause slippery footing shall be removed, sanded or covered to
> provide safe footing.

This section is sufficiently specific to act as a predicate for Labor Law § 241(6) liability (*Rizzuto* 91 NY2d at 348 [1998]); *see also Whalen v City of NY*, 270 AD2d 340. 342 [2d Dept 2000]).

Plaintiff argues that RCB1 and Tishman, as the respective owner and general contractor of the construction site, along with Pinnacle and Empire "as statutory agents of the owner and general contractor violated 12 NYCRR § 23-1.7(d) of the Industrial Code by permitting a slippery and unsafe condition, within the construction site, causing [p]laintiff to fall and suffer serious and

**160319/2017   REINHARDT, JASON vs. RCB4 NOMINEE LLC.**
**Motion No.  005**

**Page 8 of 16**

8 of 16

[* 8]

permanent injuries" (*see* NYSCEF DOC. NO. 152 at ¶ 68). Plaintiff notes that the condition was ice, which caused plaintiff's accident while working on the construction site (*id.* at pg. 81).

In opposition, defendant Empire argues that it was not a statutory agent of Tishman, the general contractor (*see* NYSCEF DOC. NO. 161 at pg. 3). Empire further argues that it was neither owner of the subject premises, nor the general contractor and that it "did not have the authority to keep [p]laintiff out of the area where he was traversing, did not supervise him or his work and had no responsibilities of the maintenance at the construction site" (*id.* at pg. 2). Empire further argues that "the evidence in this case is that the general contractor, Tishman had the responsibility to address icy conditions at the project" (*id.*).

Also, in opposition to plaintiff's motion, defendant Pinnacle argues that it was not responsible for the safety of the construction site, and that it was neither owner nor contractor of the project where plaintiff's accident occurred (*see* NYSCEF DOC. NO. 164 at ¶ 39). Pinnacle adds "there has been no evidence presented to establish that Pinnacle acted as an agent of the owner or general contractor, or that it had authority to direct or control the accident producing work" (*id.*). Pinnacle also argues that the entirety of plaintiff's motion must be denied for failure to include "a separate statement of undisputed material facts" (*id.* at ¶ 30).

In the same opposition, RCB1 and Tishman argue that "it is undisputed that the icy condition was created by Empire when its drivers used the washout bin to clean out [its] trucks, causing water to get onto the ground and subsequently freeze" (*id.* at ¶ 50).

On reply, plaintiff argues that both Pinnacle and Empire "had the authority to supervise and control the activities surrounding the washout box that resulted in the subject icy and dangerous condition" that caused plaintiff's accident (*see* NYSCEF DOC. NO. 175 at P 8). Plaintiff adds that Pinnacle hired a vendor to supply washout bins for Empire's trucks, and that

160319/2017   REINHARDT, JASON vs. RCB4 NOMINEE LLC.
Motion No.  005

Page 9 of 16

9 of 16

Pinnacle and Tishman "jointly determined where the washout boxed would be located" and Pinnacle had a flagman monitor for icy conditions (*id.* at ¶ 12). Additionally, Empire was responsible for cleaning their trucks after dumping concrete (*id.*)

## RCB1 AND TISHMAN

The threshold question for Labor Law § 241(6) is whether a defendant was an owner, a general contractor, or an agent of either (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]). The Court of Appeals has held that an owner or general contractor "is vicariously liable without regard to [their] fault," and "even in the absence of control or supervision of the worksite" in instances where a plaintiff can establish a violation of a specific and applicable Industrial Code Violation (*Rizzuto*, 91 NY2d at 348-350).

Here, both RCB1 and Tishman as the owner and general contractor, respectively, are both vicariously liable for a violation of Labor Law § 241(6) predicated upon 12 NYCRR § 1.7(d). Plaintiff established the existence of the ice, a slippery condition, as the cause of his accident. RCB1 and Tishman's argument that Empire caused or created the condition is of no moment for the purposes of assessing liability under § 241(6) of the Labor Law. As owner and general contractor, they are vicariously liable regardless of fault (*Bazdaric*, 41 NY3d at 318). Their duty to maintain a safe worksite is non-delegable and thus, RCB1 and Tishman are both vicariously liable and the branch of plaintiff's motion seeking summary judgment pursuant to New York Labor Law § 241(6) is granted as to both RCB1 and Tishman. We now turn to plaintiff's motion with respect to the other defendants.

## PINNACLE AND EMPIRE

To hold a subcontractor or statutory agent of the owner or general contractor absolutely liable for violations of Labor Law § 241(6), there must be a showing that the subcontractor had

**160319/2017   REINHARDT, JASON vs. RCB4 NOMINEE LLC.**
**Motion No.  005**

**Page 10 of 16**

10 of 16

the authority to supervise and control the work giving rise to the obligations imposed by these statutes. "The determinative factor on the issue of control is not whether [defendant] furnishes the equipment but whether he has control of the work being done and the authority to insist that proper safety practices be followed" (*Everitt v Nozkowski*, 285 AD2d 442, 443-444 [2d Dept 2001];

To be treated as a statutory agent, the subcontractor must have been "delegated the supervision and control either over the specific work area involved or the work which [gave] rise to the injury" *(Headen v Progressive Painting Corp.* 160 AD2d 319, 320 [1990]). Additionally, evidence that a subcontractor delegated the requisite supervision and control to another subcontractor has been cited as forming part of the proof that the first subcontractor formerly possessed that authority and may justify imposing Labor Law liability on the first subcontractor as a statutory agent of the general contractor (*Weber*, 70 AD3d at 488; *Everitt*, 285 AD2d at 444).

Here, plaintiff has failed to eliminate the existence of triable issues of fact as to whether Pinnacle had the authority to supervise and control the specific area where plaintiff's accident occurred or the work that caused plaintiff's accident, namely the water in and around the washout box area.

Initially, the record establishes that Pinnacle held safety meetings at this particular project (*see* NYSCEF DOC. NO. 157 at pg. 50), and that it kept ice melt on site (*id*. at pg. 74). Testifying on behalf of Pinnacle, Marsicano stated he did not know if it was part of Pinnacle's job responsibility to keep the area around the washout box free from ice (*id.* at pg. 74-75). However, he specifically testified that the "parameter on the outside of the building is not Pinnacle's responsibility. Any walkways, I don't know who that falls under, but it's not my or my company's responsibility" (*id.*).

**160319/2017  REINHARDT, JASON vs. RCB4 NOMINEE LLC.**
**Motion No.  005**

**Page 11 of 16**

11 of 16

The deposition of Tishman does not elucidate any further regarding duties delegated to Pinnacle. When asked if there was "ever a conversation with representatives from [Pinnacle]…regarding how to a wash out in freezing weather" Kunzelman stated "I don't recall any conversation back that far" (*see* NYSCEF DOC. NO. 154 at pg. 47-48). Moreover, Kunzelman testified that before any wash basin was moved by Pinnacle, Tishman would have to be consulted in some manner (*id.* at 91).

Here, plaintiff has failed to show, prima facie*,* that that Pinnacle had been delegated supervision or control over the specific work that caused plaintiff's accident. The record is devoid of any contractual obligations and the fact that Tishman's witness could not recall if any conversation occurred with Pinnacle regarding washing in freezing weather (*id*. at 47-48) creates a triable issue of fact. The determination as to whether Pinnacle had any control as to the area or the work that caused plaintiff's injury is a question suitable for determination by a jury. Given that Empire was hired by Pinnacle and given that a question of fact exists as to what responsibilities and duties Pinnace was delegated, it follows that triable issue of fact are also present with respect to Empire and its control as to the area or work that caused plaintiff's injury.

Accordingly, the branch of plaintiff's motion seeking summary judgment pursuant to New York Labor Law § 241(6) against Pinnacle and Empire is denied.

<u>LABOR LAW § 200 AND COMMON LAW NEGLIGENCE CLAIMS</u>

Plaintiff also seeks an order granting him summary judgment pursuant to Labor Law § 200.

Labor Law § 200 "is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). Furthermore, it is well settled that the authority to control the work is a precondition to establishing liability under Labor Law § 200

**160319/2017   REINHARDT, JASON vs. RCB4 NOMINEE LLC.**
**Motion No.  005**

**Page 12 of 16**

12 of 16

where the alleged defect or dangerous condition arises from the contractor's methods or means of the work (*Rizzuto*, 91 NY2d at 352). A property owner or contractor is liable under Labor Law § 200 when he either created the dangerous condition that caused the injury or failed to remedy a dangerous or defective condition of which he had actual or constructive notice (*Eversfield v Brush Hollow Realty, LLC*, 91 AD3d 814, 816 [2d Dept 2012]).

Moreover, there are two distinct categories of Labor Law § 200 Cases: (1) where the accident is the result of a dangerous condition that is inherent in the premises; and (2) where the accident is the result of the means and methods used by a contractor to do its work (*Ruisech v Structure Tone, Inc.*, 208 AD3d 412, 414 [1st Dept 2022]; *Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d at 143-144).

Here, plaintiff alleges that he slipped and fell as a result of an icy condition as he was walking to a Conex box (*see* NYSCEF DOC. NO. 153 at pg. 22). The condition was not the results of the means and methods used in connection with the performance of plaintiff's work but was instead a dangerous condition on the work site.

"Where a premises condition is at issue, property owners may be held liable for a violation of Labor Law 200 if the owner either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident" (*Ortega v Puccia*, 57 AD3d 54, 61 [2d Dept 2008]). "To provide constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendants to discover and remedy it" (*Medina v La Fiura Dev. Corp.*, 69 AD3d 686, 686 [2d Dept 2010]). "Liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d at 144).

**160319/2017   REINHARDT, JASON vs. RCB4 NOMINEE LLC.**
**Motion No.  005**

**Page 13 of 16**

Here, plaintiff has failed to meet his prima facie burden in establishing that Tishman had actual or constructive notice of the icy condition that caused plaintiff's accident (*see* NYSCEF DOC. NO. 155 at pg. 45). In support of this argument, plaintiff relies on the testimony of Palisi who testified he notified Tishman of the icy condition that caused plaintiff's accident. Palisi does not recall who he spoke to at Tishman (*id.* NYSCEF DOC. 155 at pg. 45). Moreover, Palisi was asked several times how long before the accident he reported the condition to Tishman, to which he replied that he did not recall (*id.* at pg. 32-33, 38). He did not recall if he notified Tishman "more than ten minutes" prior to the accident (*id.* at pg. 38). Palisi was later asked "how long after [he] notified Tishman did the accident occur" to which he answered "I believe I said, approximately, 40 minutes. I believe I said that, but yeah, I would think between 30 and 40 minutes" (*id.* at pg. 81). Palisi also testified that he told someone from the Empire "you're creating an ice situation" but did not recall who he spoke to from Empire (*id.* at pg. 47).

Plaintiff's inability to establish who Palisi spoke to at Tishman is a prima facie failure to establish actual notice. Moreover, the icy condition must have been visible and apparent, and it must have existed for a sufficient length of time prior to the accident to allow Tishman's employees time to discover and remedy it (*Strowman v Great Atl. & Pac. Tea Co., Inc.*, 252 AD2d 384, 384 [1998]). Here, plaintiff's reliance on Palisi's testimony of "I would think between 30 and 40 minutes" (*see* NYSCEF DOC. NO. 115 at pg. 47) is an issue of fact for the jury to determine. Kunzelman testified that Tishman had a three superintendents who were responsible for inspecting the site for safety hazards (*see* NYSCEF DOC. NO. 154 at pg. 118-119). Thus, whether the condition should have been observed and corrected by Tishman or any of the defendants is a triable issue appropriate for a determination by a jury.

**160319/2017   REINHARDT, JASON vs. RCB4 NOMINEE LLC.**
**Motion No.  005**

**Page 14 of 16**

14 of 16

Lastly, plaintiff also fails to establish that Pinnacle and Empire were responsible for the creation of the subject icy condition, "which was caused by the cleaning of Empire's trucks" (*see* NYSCEF DOC. NO. 152 at pg. 95). Plaintiff alleges that Empire caused the condition after it washed it trucks on the construction site (*see* NYSCEF DOC. NO. 152 at ¶ 57-61). Although plaintiff himself testified that this was the coldest day at the site, plaintiff has not established that the icy condition was indeed caused by either Pinnacle or Empire. Even assuming that run-off from the washing of the cement trucks was occurring, the record is devoid of any information regarding weather conditions that eliminates any triable issues of fact that this was the cause of the icy condition that caused plaintiff to slip and fall. A note on the incident report that reads "Weather: Cold: Windy – 15° F" is insufficient to eliminate all triable issues of fact as to whether the icy condition was caused as a direct consequence of any action of Empire or Pinnacle (*see* NYSCEF DOC. NO. 158).

Even assuming, *arguendo*, that the creation of the icy condition can be inferred by the weather and circumstances alleged by plaintiff, plaintiff's motion must still be denied. Liability against a subcontractor based upon a claimed violation of Labor Law 200 requires a showing that authority was conferred on the subcontractor to supervise and control the activity which produced the injury (*Rizzuto*, 91 NY2d at 352). As discussed previously, material issues of fact exist as to whether Pinnacle and Empire had indeed been delegated with control over the area or work that caused plaintiff's accident. As there are triable issues of fact here, plaintiff's motion must be denied.

**160319/2017   REINHARDT, JASON vs. RCB4 NOMINEE LLC.**
**Motion No.  005**

**Page 15 of 16**

15 of 16

## CONCLUSION

Accordingly, it is

**ORDERED,** that the branch of plaintiff's motion, seeking an order granting summary judgment against defendants RCB1 NOMINEE LLC and TISHMAN CONSTRUCTION CORPORATION OF NEW YORK pursuant to Labor Law § 241(6) predicated upon 12 NYCRR 1.7(d)(1) is granted; and it is further

**ORDERED,** that the branch of plaintiff's motion, seeking an order granting summary judgment against defendants PINNACLE INDUSTRIES II, LLC and EMPIRE TRANSIT MIX, INC. pursuant to Labor Law § 241(6) predicated upon 12 NYCRR 1.7(d)(1) is denied; and it is further

**ORDERED,** that the branch of plaintiff's motion, seeking an order granting summary judgment against defendants RCB1 NOMINEE LLC, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, PINNACLE INDUSTRIES II, LLC and EMPIRE TRANSIT MIX is denied; and it is further

**ORDERED** that, within twenty (20) days after this decision and order is uploaded to NYSCEF, counsel for plaintiff shall serve a copy of this decision and order, with notice of entry, on the defendants.

This constitutes the decision and order of the Court.

|  |  |
|---|---|
| **3/25/2025** | |
| **DATE** | **RICHARD G. LATIN, J.S.C.** |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**160319/2017   REINHARDT, JASON vs. RCB4 NOMINEE LLC.**
**Motion No.  005**

**Page 16 of 16**