■ QUANTUM CHEMICAL CORPORATION, Respondent-Appellant, v RELIANCE GROUP, INCORPORATED, et al., Appellants-Respondents.—Judgment, Supreme Court, New York County (Francis Pecora, J.), entered August 9, 1991, in favor of plaintiff and against both defendants in the amount of $5,690,000, with interest from March 28, 1990, and in favor of plaintiff and against defendant Reliance Group, Incorporated only in the amount of $9,688,353.53, with interest from March 28, 1990, unanimously modified, on the law, to award interest on both principal amounts from February 23, 1990, and otherwise affirmed, with costs. The appeal from the order of the same court, entered July 30, 1991, is unanimously dismissed as superseded by the appeal from the judgment, without costs.

The agreement is clear on its face with respect to defendants' obligations to indemnify plaintiff for the acquired company's tax deficiencies for tax years prior to the closing. As the clauses in question are reasonably susceptible of only one interpretation, the IAS court properly refused to consider extrinsic evidence intended to show that the transaction reference to "Reliance" in section 8.5 (d) of the agreement was to both defendants. *(Namad v Salomon Inc.,* 74 NY2d 751, 753.)

There is a presumption that a deliberately prepared and executed written instrument manifests the true intention of the parties *(see, Backer Mgt. Corp. v Acme Quilting Co.,* 46

NY2d 211, 219); such a presumption should apply with even greater force when the instrument is between sophisticated, counseled businessmen (see, Namad v Salomon Inc., supra). We modify because prejudgment interest was erroneously awarded from the date when plaintiff made its demand for indemnification. It should have been awarded from the date when payment to the IRS was made and the claim accrued (see, Bay Ridge Air Rights v State of New York, 44 NY2d 49; Bethlehem Steel Corp. v Youngstown Cartage Co., 79 AD2d 902). Concur—Murphy, P. J., Wallach, Kupferman, Asch and Smith, JJ.