■ In the Matter of SIDNEY WALLACH, as an Officer of WALLACH SONS OF EASTCHESTER, INC., et al., Petitioners, v TAX APPEALS TRIBUNAL et al., Respondents. [614 NYS2d 647] —Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioners, a corporation which operates a jewelry store in Westchester County and one of its officers, contend that the use and application of a test period audit to determine the

corporation's sales tax liability for the entire audit period was arbitrary and capricious. Although it appears from the record that the corporation failed to exhaust administrative remedies and failed to comply with Tax Law § 1138 (a) (4), respondents concede that the merits of the petition are properly before us in the portion of the proceeding maintained by the individual petitioner.

The corporation executed an audit method election which authorized the use of a representative test period audit method to determine any sales tax liability in lieu of an audit method which utilizes all records within the audit period. The representative test period audit conducted by the Audit Division of the Department of Taxation and Finance (hereinafter the Division) revealed that the corporation was unable to furnish documents to substantiate its claim that a large percentage of its sales were made to out-of-State buyers. As a result of the audit, 65.12% of the nontaxable sales claimed by the corporation were disallowed. At the corporation's request, the Division conducted a second test period audit, covering a different test period. The corporation had better records for the second test period and was able to substantiate all but 9.03% of its nontaxable sales claimed during the test period. During the first half of the audit period, which encompassed the test period used in the first audit, the corporation claimed that more than 50% of its gross sales were nontaxable. The percentage of nontaxable sales fell to approximately 17% during the second half of the audit period, which encompassed the test period used in the second audit. The Division, therefore, used a weighted average of the two tests which took into account the dramatic decrease in the percentage of nontaxable sales claimed by the corporation. As a result, 50.14% of the nontaxable sales claimed by petitioners during the entire audit period were disallowed.

Petitioners contend that in the absence of the corporation's express consent to the use of the weighted average, the Division was required to conduct an audit based upon all of the corporation's records, which petitioners contend were adequate. Respondents contend that once the corporation agreed to the use of a test period audit method, the Division's only obligation was to use a test period method which reasonably calculates the tax due. In the circumstances of this case, we agree with respondents.

It is the general rule that the statutory authority for the use of a test period audit method (see, Tax Law § 1138 [a]) is not available when the taxpayer's records are sufficient to

permit a determination of the exact amount of tax due *(see, e.g., Matter of Chartair, Inc. v State Tax Commn.,* 65 AD2d 44, 46)*. In this case, however, the Division's authority to use a test period audit method is not derived from a statute, but is based upon the corporation's written consent to the use of "a representative test period audit method to determine any sales or use tax liability". As part of its consent, the corporation acknowledged that it had adequate records to warrant an audit method which utilizes all records within the audit period, but the corporation agreed to a test period audit in lieu of an audit based upon all the records. Having consented to the use of a test period audit method with full knowledge of its right to insist upon a complete audit based upon all of its records for the audit period, the corporation cannot now claim that a complete audit was required *(see, Matter of Sloan's Supermarkets v Chu,* 140 AD2d 794)*. There is no claim that the corporation revoked its consent and insisted on a complete audit.

The consent executed by the corporation did not limit the Division to any particular test period or any particular audit method. Rather, the corporation agreed to "a representative test period audit". There is no merit, therefore, in petitioners' claim that the Division could not use the weighted average of the two test period audits without the corporation's express consent to the weighted average method. If the weighted average method constituted a representative test period audit method, the corporation clearly consented to it. We agree with respondents, therefore, that petitioners are limited to challenging the reasonableness of the method used by the Division.

When the Division has the authority to use a test period audit method, it must use a method that is reasonably calculated to reflect the taxes due *(see, Matter of Grant Co. v Joseph,* 2 NY2d 196, 206, *cert denied* 355 US 869). Petitioners contend that it was not reasonable to give any weight to the results of the first audit because the records which would have substantiated its claims regarding nontaxable sales during that period were lost either in a fire or during the renovation of its store. Neither the Administrative Law Judge nor respondent Tax Appeals Tribunal found this claim to be credible. We agree with respondents that it was rational to conclude that the results of the second audit reflected the corporation's better recordkeeping during the second half of the audit period, which produced not only a substantial decrease in the disallowance of taxable sales claimed by the corporation, but

also a substantial decrease in the percentage of gross sales claimed by the corporation to be nontaxable. As noted by respondents, the decrease in nontaxable sales claimed by the corporation and the increase in corporation's records to substantiate nontaxable sales occurred at about the same time the corporation was notified that an audit would be conducted.

We find nothing irrational in the Tribunal's determination that the weighted average method used by the Division was reasonably calculated to reflect the taxes due. We also find nothing irrational in the Tribunal's conclusion that no abatement is warranted with respect to the penalties that must be imposed unless it is shown that the failure to pay taxes was due to reasonable cause and not due to willful neglect *(see, Matter of Atlas Linen Supply Co. v Chu,* 149 AD2d 824, 826, *lv denied* 74 NY2d 616).

Cardona, P. J., Crew III, Weiss and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.