■ PALLETTE STONE CORPORATION, Respondent, v GUYER BUILDERS, INC., Appellant. [622 NYS2d 127] —Mercure, J. Appeal from a judgment of the Supreme Court (Brown, J.), entered October 27, 1993 in Saratoga County, upon a decision of the court in favor of plaintiff.

It is undisputed that, between April 1986 and December 1989, defendant purchased $700,347.16 worth of concrete and concrete products from plaintiff. Although the purchases were subject to sales tax, plaintiff collected no tax. A subsequent audit of plaintiff by the Department of Taxation and Finance for the period September 1, 1986 through November 30, 1989 resulted in a determination of a sales tax deficiency of $114,683.03, which plaintiff remitted to the Department. Plaintiff then brought this action to collect $49,024.30 ($700,347.16 × .07) in uncollected sales tax on defendant's purchases. Following Supreme Court's grant of summary judgment in favor of plaintiff on the issue of liability and determination that the Statute of Limitations (UCC 2-725) barred plaintiff's recovery of tax due on sales not billed within four years prior to commencement of the action, affirmed by this Court (194 AD2d 1019), a hearing was conducted to determine the amount owed by defendant. Ultimately, Supreme Court granted judgment in favor of plaintiff in the amount of $32,539.28, computed by applying the 7% sales tax rate to $464,846.90 in taxable sales to defendant during the four-year period immediately preceding commencement of the action, and $18,346.87 in interest. Defendant appeals.

We affirm. We reject the contention that, because plaintiff's sales tax liability to the Department was determined by means of a test audit of sales during only three months of the audit period, Supreme Court was required to calculate defendant's liability to plaintiff in the same manner. Defendant's reasoning is predicated upon the false assumption that the test audit methodology resulted in an understatement of plaintiff's tax liability, which it characterizes as a "compromise", and that collection of the actual tax from plaintiff's

various customers will therefore result in a windfall to plaintiff. We rarely, if ever, hear the complaint that test audits result in an understatement of tax liability, and the simple truth is that, as with any estimate, the test methodology could have just as easily resulted in an overassessment. Because there is no dispute as to the total amount of sales to defendant during the subject period, Supreme Court correctly computed the sales tax on the basis of defendant's actual purchases *(see, Matter of Chartair, Inc. v State Tax Commn.,* 65 AD2d 44, 46-47; *cf., Matter of Wallach v Tax Appeals Tribunal,* 206 AD2d 696). We also reject defendant's contention that interest should have been computed only from the date of plaintiff's demand for payment. It is not the date of demand but, rather, the date of accrual of a cause of action that measures the period for interest *(see, Quantum Chem. Corp. v Reliance Group,* 180 AD2d 548, *lv denied* 79 NY2d 760; CPLR 5001 [b]).

Mikoll, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.