■ BVE PRODUCTIONS, INC., Respondent, v SAAR COMPANY, LLC, et al., Defendants, and KENNETH COLE PRODUCTIONS, INC., et al., Appellants. [835 NYS2d 555]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered April 17, 2006, which granted plaintiff's motion for prejudgment interest on a jury verdict awarding damages for lost profits, at the statutory rate from the date the complaint was filed, unanimously affirmed, without costs.

Defendant Cole, a tenant in the building, hired defendant Alta to perform sandblasting and construction work. Plaintiff, the operator of a business in the building, brought this action to recover for property damage and business interruption losses allegedly caused by Alta's work for Cole. Plaintiff alleged 13 causes of action against Cole and Alta, as well as against defendant property owner Saar and defendant managing agent Newmark, including negligence, promissory estoppel and, as a third-party beneficiary, breach of the contracts between Cole and Saar, Cole and Newmark, Alta and Saar, and Alta and Cole.

On March 18, 2005, plaintiff's motion for summary judgment on the issue of liability was granted, and it then sought, on a trial for damages, to recover profits lost as a result of defendants' negligence. Ten days later, the jury awarded damages of $331,993, which were apportioned Alta 55%, Cole 30%, Saar 5% and Newmark 10%.

CPLR 5001 (a) provides that interest "shall" be recovered on monetary damages awarded for breach of contract or any act or omission affecting possession or enjoyment of property. Since plaintiff's claims are based on alleged interference by Cole and Alta with the use and enjoyment of its property, plaintiff is entitled to prejudgment interest, regardless of whether the recovery is for breach of contract, as a third-party beneficiary, or for negligent injury to property (*Delulio v 320-57 Corp.*, 99

AD2d 253, 254 [1984]). Contrary to the arguments of Cole and Alta, prejudgment interest has been awarded for damages based on lost profits (*see e.g. Langer v Miller*, 305 AD2d 270, 271 [2003], *lv denied* 1 NY3d 503 [2003]; *Arigo v Abbott & Cobb*, 86 AD2d 958 [1982]).

We have considered appellants' other arguments and find them unpersuasive. Concur—Tom, J.P., Friedman, Sullivan, Buckley and Kavanagh, JJ.