■ LIZDEN INDUSTRIES, INC., Respondent-Appellant, v FRANCO BELLI PLUMBING AND HEATING AND SONS, INC., et al., Defendant, and OKANAGA U.S.A. CO., LTD. et al., Appellants-Respondents. [945 NYS2d 86]—

Order, Supreme Court, New York County (Debra James, J.), entered August 30, 2011, which denied defendants' motion to vacate the jury verdict as to negligence and apportionment, or to order a new trial on damages, and granted plaintiff's motion for an award of rent abatement and for prejudgment interest on the jury award for property damage, unanimously modified, on the law, to vacate the verdict as to apportionment and order a new trial thereon, unless, within 30 days of service of a copy of this order with notice of entry, plaintiff stipulates to apportion liability 10% to defendant Okanaga U.S.A. Co., Ltd. and 90% to settling defendant Franco Belli Plumbing and Heating and Sons, Inc., and to amend the verdict to add prejudgment interest on the award for lost profits of $907,950 for 2005 running from January 1, 2006 and on the award for lost profits of $425,600 for 2006 running from January 1, 2007, and otherwise affirmed, without costs.

Upon our review of the record, we conclude that there is a "valid line of reasoning and permissible inferences" (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]) that supports the jury's finding of some negligence on the part of defendant Okanaga. However, we find that the apportionment of 75% fault

to Okanaga is contrary to the weight of the evidence, which, fairly assessed, supports a finding that Okanaga was not more than 10% at fault. The trial evidence demonstrates that defendant Belli, a licensed plumber, performed the work at the premises and negligently left the pipes it cut uncapped, and that the leak would not have occurred but for the failure to cap the pipes.

Contrary to defendants' contention, there is sufficient evidence in the record to support the rent abatement and lost profits awards.

The court properly awarded prejudgment interest under CPLR 5001 (a) on the award for damage to property based on Okanaga's negligent acts in connection therewith (see BVE Prods., Inc. v Saar Co., LLC, 40 AD3d 349 [2007]; De Long Corp. v Morrison-Knudsen Co., 20 AD2d 104 [1963], affd 14 NY2d 346 [1964]). Plaintiff is also entitled to prejudgment interest on the award for lost profits (see BVE Prods., 40 AD3d at 350), to be calculated, pursuant to CPLR 5001 (b), from the dates on which the jury determined the lost profits were incurred. The court properly awarded prejudgment interest on the verdict after it was reduced by the amount of Belli's settlement, pursuant to General Obligations Law § 15-108. Concur—Friedman, J.P., Sweeny, Renwick, Freedman and Abdus-Salaam, JJ. [**Prior Case History: 2011 NY Slip Op 32335(U).**]