*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 20, 2016                    522631
_____

NEW YORK STATE THRUWAY
    AUTHORITY,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

ALLIED WASTE SERVICES OF NORTH
    AMERICA, LLC, Also Known as
    ALLIED WASTE SERVICES, et
    al.,
                    Appellants.
_____


Calendar Date:   September 7, 2016

Before:  Peters, P.J., McCarthy, Garry, Rose and Mulvey, JJ.

                    _____


        Marcus & Cinelli, LLP, Williamsville (David P. Marcus of
counsel), for appellants.

        Eric T. Schneiderman, Attorney General, Albany (Fredrick A.
Brodie of counsel), for respondent.

                    _____


Rose, J.

        Appeal from an order of the Supreme Court (O'Connor, J.),
entered October 9, 2015 in Albany County, which, among other
things, denied defendants' motion for partial summary judgment.

        On March 23, 2011, a dump truck owned and operated by
defendant Allied Waste Services of North America, LLC collided
with the underside of one of plaintiff's bridge overpasses.
Plaintiff made minor, temporary repairs to the bridge and, in
September 2013, sent a letter to Allied demanding compensation
for the estimated cost of repair in the total amount of $913,276.

After failing to reach a resolution, plaintiff commenced this action in March 2014 asserting negligence, among other causes of action, and seeking damages in the amount of $913,276, a collection fee pursuant to State Finance Law § 18 in the amount of $200,920 and prejudgment interest from the date of the accident. Following joinder of issue, however, plaintiff revised its estimate of the cost of repair, ultimately asserting damages of $449,424. Thereafter, defendants moved for partial summary judgment dismissing plaintiff's claims for a collection fee and prejudgment interest, and plaintiff cross-moved for partial summary judgment on the issue of liability. Supreme Court denied defendants' motion and granted plaintiff's cross motion. Defendants now appeal.

Initially, we note that defendants do not dispute their liability for the damage to the bridge and, since the commencement of this appeal, they have remitted the revised repair costs to plaintiff, but without the addition of any prejudgment interest or collection fee. As for Supreme Court's denial of that part of their motion seeking dismissal of plaintiff's claim for the prejudgment interest, defendants argue that plaintiff was not entitled to such interest because it did not suffer any damage until it paid for the permanent repairs to be completed, which did not occur until after defendants remitted the repair costs to plaintiff. We cannot agree.

Prejudgment "[i]nterest shall be recovered upon a sum awarded" by virtue of, among other things, an act that interferes with "title to, or possession or enjoyment of, property" (CPLR 5001 [a]; see Lizden Indus., Inc. v Franco Belli Plumbing & Heating & Sons, Inc., 95 AD3d 738, 739 [2012]; Urban v B.R. Guest, Inc., 45 AD3d 1418, 1418 [2007]; BVE Prods., Inc. v Saar Co., LLC, 40 AD3d 349, 349-350 [2007]). Such interest is calculated "from the earliest ascertainable date the cause of action existed, except that interest upon such damages incurred thereafter shall be computed from the date incurred" (CPLR 5001 [b]; see Brandt Corp. v Warren Automatic Controls Corp., 37 AD2d 563, 563 [1971]; see also NML Capital v Republic of Argentina, 17 NY3d 250, 257-258 [2011]; Revell v Guido, 124 AD3d 1006, 1013 [2015]; Pallette Stone Corp. v Guyer Bldrs., 212 AD2d 862, 863 [1995]). The earliest ascertainable date a cause of action for

damage to property exists is the time at which the injury occurs (see Pilatich v Town of New Baltimore, 100 AD3d 1248, 1249 [2012]; Manhattanville Coll. v James John Romeo Consulting Engr., P.C., 5 AD3d 637, 641 [2004]).

The earliest date plaintiff's cause of action existed was March 23, 2011, as that was the date on which plaintiff sustained damages to its bridge as a result of defendants' negligence, despite the fact that plaintiff waited to expend funds to make permanent repairs until after defendant paid the revised cost estimate (see Gussack Realty Co. v Xerox Corp., 224 F3d 85, 93 [2d Cir 2000]; DeWall v Owl Homes of Victor, 213 AD2d 977, 978 [1995]; Property Owners Assn. of Harbor Acres v Ying, 137 AD2d 509, 511 [1988]; see also Seward Park Hous. Corp. v Greater N.Y. Mut. Ins. Co., 43 AD3d 23, 34 [2007]). Inasmuch as all of the damage to the bridge was sustained on the day of the accident and no further damages were incurred thereafter, the exception to CPLR 5001 (b) does not apply (see e.g. NML Capital v Republic of Argentina, 17 NY3d at 258; Barnett v Schwartz, 47 AD3d 197, 208 [2007]).

We find merit, however, in defendants' contention that Supreme Court erred in denying that part of their motion seeking dismissal of plaintiff's claim for a collection fee pursuant to State Finance Law § 18. That statute authorizes a collection fee, not to exceed 22% of the outstanding debt, "to cover the cost of processing, handling and collecting" the debt where the debtor has failed to remit payment within 90 days of the submission of a billing invoice (State Finance Law § 18 [5]; see Lawyers' Fund for Client Protection of State of N.Y. v Bank Leumi Trust Co. of N.Y., 94 NY2d 398, 408 [2000]). The statute defines a "debt" as a "liquidated sum due and owing any state agency," with the term "liquidated" being defined as "an amount which is fixed or certain or capable of being readily calculated, whether or not the underlying liability or amount of the debt is disputed" (State Finance Law § 18 [1] [b], [d]).

The damages claimed by plaintiff in the September 2013 demand letter were based on an estimate by its engineers that involved replacing the entire girder, including undamaged portions, due to the fear that replacing just the damaged portion

would result in a destabilization of the bridge.  However, plaintiff subsequently referred the case to its design contractor, who recalculated the cost of repair after determining that only the portion of the girder that was damaged needed to be replaced and that destabilization could be avoided by the use of counterweights and temporary supports.  Based upon this recalculation, and after the commencement of this action, plaintiff revised its original estimate of the extent of the work necessary to repair the damage to the bridge, but did not reduce the amount of the collection fee sought.  Rather, plaintiff argues that it is entitled to a collection fee based upon defendants' failure to remit payment of the original estimate of the cost to repair within 90 days of the September 2013 demand letter.

In our view, plaintiff's original estimate was not a "liquidated sum due and owing" (State Finance Law § 18 [1] [b]), as plaintiff's initial assessment of the extent of the repairs drastically changed after the design contractor reviewed it.  We do not view this as a mere dispute about "the underlying liability or amount of the debt" (State Finance Law § 18 [1] [d]), because the cost of repair was the measure of damages here and the dollar amount of such damages was not "capable of being readily calculated" until plaintiff chose the ultimate method of repair (State Finance Law § 18 [1] [d]).  Thus, under the unique facts of this case, we find that Supreme Court erred in failing to grant that part of defendants' motion seeking dismissal of plaintiff's claim for a collection fee.

Peters, P.J., McCarthy, Garry and Mulvey, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion for summary judgment dismissing plaintiff's claim for a collection fee; motion granted to that extent; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court