■■■ KENNETH M. QUINNIEY et al., Respondents, v NINA H. BLUMLEIN, Defendant, and NISSAN-INFINITI LT et al., Appellants. [56 NYS3d 754]—

Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered November 30, 2016. The order, insofar as appealed from, denied in part the motion of defendants Nissan-Infiniti LT and Nilt, Inc., to dismiss plaintiffs' complaint against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action against, inter alia, Nissan-Infiniti LT and Nilt, Inc. (defendants), seeking damages for personal injuries allegedly resulting from a motor vehicle accident. Defendants are the owners of a leased motor vehicle allegedly involved in the accident. The complaint alleges, insofar as relevant to this appeal, that defendants are vicariously liable as the owners of the vehicle pursuant to Vehicle and Traffic Law § 388, but further alleges that the subject accident "was caused as a result of the negligent, careless, reckless and unlawful conduct on the part of" defendants. Defendants moved pursuant to CPLR 3211 to dismiss the complaint against them on the ground that the action is barred by the Graves Amendment (49 USC § 30106). Defendants now appeal from an order that granted their motion with respect to the allegations that they are vicariously liable, but denied the motion insofar as the complaint alleges that defendants are directly liable for their own negligence. We affirm.

It is well settled that, "[t]he Graves Amendment provides, generally, that the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle by reason of being the owner of the vehicle for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease if: (1) the owner is engaged in the trade or business of renting or leasing motor vehicles, and (2) 'there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner)' " (*Cioffi v S.M. Foods, Inc.*, 129 AD3d 888, 892 [2015], quoting 49 USC § 30106 [a]). Contrary to defendants' contention, however, "the Graves Amendment (49 USC § 30106) [does] not apply where, as here, . . .

plaintiffs seek to hold [defendants] directly liable for [their own] alleged" negligence (*Terranova v Waheed Brokerage, Inc.*, 78 AD3d 1040, 1041 [2010]; *see Olmann v Neil*, 132 AD3d 744, 745 [2015]; *cf. Gluck v Nebgen*, 72 AD3d 1023, 1023-1024 [2010]). Consequently, Supreme Court properly denied defendants' motion to dismiss the complaint insofar as it alleges that the accident was the result of defendants' negligence.

Finally, defendants' contention that the complaint fails to allege sufficiently that they are directly liable for their own negligence is raised for the first time on appeal and thus is not properly before us (*see generally Oram v Capone*, 206 AD2d 839, 840 [1994]; *Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Whalen, P.J., Smith, Carni, Curran and Scudder, JJ.