New York State Workers' Compensation Bd. v Episcopal Church Home & Affiliates, Inc. (2023 NY Slip Op 04054)

New York State Workers' Compensation Bd. v Episcopal Church Home & Affiliates, Inc.

2023 NY Slip Op 04054

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

514 CA 21-00432

[*1]NEW YORK STATE WORKERS' COMPENSATION BOARD, IN ITS CAPACITY AS THE GOVERNMENTAL AGENCY CHARGED WITH THE ADMINISTRATION OF THE WORKERS' COMPENSATION LAW AND ATTENDANT REGULATIONS AND IN ITS CAPACITY AS SUCCESSOR IN INTEREST TO THE LONG TERM CARE RISK MANAGEMENT GROUP, PLAINTIFF-RESPONDENT,
v
EPISCOPAL CHURCH HOME AND AFFILIATES, INC., ET AL., DEFENDANTS, FAIRPORT BAPTIST HOME, INC., FAIRPORT BAPTIST HOMES, GENESEE VALLEY PRESBYTERIAN NURSING CENTER, DOING BUSINESS AS KIRKHAVEN NURSING HOME, GENESEE VALLEY PRESBYTERIAN NURSING CENTER, DOING BUSINESS AS KIRKHAVEN NURSING HOME, PRESBYTERIAN HOMES AND SERVICES OF GENESEE VALLEY, INC., SEASONS CHILD CARE CENTER, AND WESTGATE NURSING HOME, INC., DEFENDANTS-APPELLANTS. 

PHILLIPS LYTLE LLP, BUFFALO (CRAIG R. BUCKI OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
NEW YORK STATE WORKERS' COMPENSATION BOARD, SCHENECTADY (TODD C. ROBERTS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered March 10, 2021. The order and judgment, among other things, granted plaintiff's motion for, inter alia, partial summary judgment. 
It is hereby ORDERED that said appeal insofar as taken by defendants Fairport Baptist Home, Inc. and Fairport Baptist Homes is unanimously dismissed and the order and judgment is modified on the law by granting the motion of the remaining defendants-appellants in part and dismissing the second cause of action against those defendants-appellants and as modified the order and judgment is affirmed without costs.
Memorandum: Defendants-appellants (defendants) were among the members of the Long Term Care Risk Management Group (Trust), a group self-insurance trust (GSIT) created in 1992 to provide its members with workers' compensation insurance coverage. The Trust stopped providing such coverage in 2009, and plaintiff assumed administration of the Trust in 2011 after determining that the Trust could no longer administer its liabilities. In July 2011, plaintiff levied an initial estimated assessment against group members based on its calculation of the Trust's deficit. Following a lengthy forensic accounting, plaintiff levied a subsequent assessment in September 2013 and an updated assessment in July 2016.
Plaintiff commenced this action by summons with notice stating, in summary, that the action sought to recover the total accumulated deficit of the Trust based on each defendant's pro rata share and joint and several liability therefor. Plaintiff's second amended complaint asserts two causes of action. The first seeks to impose on defendants joint and several liability for their [*2]shares of the Trust's cumulative deficit, and the second seeks to recover a collection fee pursuant to State Finance Law § 18. Plaintiff moved for, inter alia, partial summary judgment on the issue of liability on its first cause of action, and defendants moved for, inter alia, summary judgment dismissing the second amended complaint against them. Defendants now appeal from an order and judgment that granted plaintiff's motion and denied defendants' motion.
Defendants contend that the summons with notice is jurisdictionally defective because it does not sufficiently state the nature of the action. Even assuming, arguendo, that defendants did not waive that jurisdictional defense by failing to raise it in their initial answer (see Iacovangelo v Shepherd, 5 NY3d 184, 186 n [2005]), we conclude that defendants' contention lacks merit. "If the complaint is not served with the summons, CPLR 305 (b) requires that it contain a notice stating the nature of the action. Failure to comply with this requirement is a jurisdictional defect mandating dismissal of the action" (Drummer v Valeron Corp., 154 AD2d 897, 897 [4th Dept 1989], lv denied 75 NY2d 705 [1990]; see Parker v Mack, 61 NY2d 114, 117 [1984]). Here, the summons with notice stated that the nature of the action was "based on the statutory obligations placed upon employers pursuant to the New York State Workers' Compensation Law, sections 1 et seq., and related rules and regulations and obligations of a contractual nature." The summons with notice further explained that the action sought "to recover the total accumulated deficit" accrued by the Trust "based on each [d]efendant's pro rata and joint and several liability therefor." In addition, the summons with notice explained that those amounts were based on the Workers' Compensation Law, related rules and regulations, the governing Trust documents, each defendant's participation in the Trust, and each defendant's contractual obligations related to their participation in the Trust. Based on those statements, we conclude that the summons with notice is sufficient to comply with the requirements of CPLR 305 (b) (see Andrulis v Fox [appeal No. 1], 284 AD2d 1006, 1006 [4th Dept 2001]; Bergman v Slater, 202 AD2d 971, 971 [4th Dept 1994]; cf. Drummer, 154 AD2d at 897-898).
Defendants next contend that they have no liability for any remaining deficit claimed by plaintiff because plaintiff has already recovered the amount that it timely assessed in July 2011 pursuant to Workers' Compensation Law § 50 (3-a) (7) (former [b]) and because the later assessments that were based on plaintiff's recalculation of the deficit were untimely and not authorized by the statutory language then in effect. We conclude that defendants' contention lacks merit. As a preliminary matter, we reject defendants' assertion that we already resolved that issue against plaintiff by upholding a preliminary injunction in Matter of Riccelli Enters., Inc. v State of N.Y. Workers' Compensation Bd. (117 AD3d 1438 [4th Dept 2014]). "The granting or refusal of a temporary injunction does not constitute the law of the case or an adjudication on the merits and the issues at hand are to be decided as though no such injunction had been sought" (Papa Gino's of Am. v Plaza at Latham Assoc., 135 AD2d 74, 77 [3d Dept 1988]; see J.A. Preston Corp. v Fabrication Enters., 68 NY2d 397, 402 [1986]; Meyer v Stout, 45 AD3d 1445, 1447 [4th Dept 2007]). Our "affirmance of [the] order granting a preliminary injunction [in Riccelli Enters., Inc.] determine[d] no more than that the discretion exercised in favor of granting the order was not based upon a demonstration of th[e] probabilities [supporting injunctive relief] so insufficient as to constitute an abuse of discretion" (J.A. Preston Corp., 68 NY2d at 406). Thus, the determinations of the trial court and this Court in Riccelli Enters., Inc. do not constitute adjudications on the merits of the issue, and we must decide the statutory interpretation question anew as though no preliminary injunction had issued in that case.
When presented with a question of statutory interpretation, a court's primary consideration is to ascertain and give effect to the intention of the legislature (see Matter of Estate of Youngjohn v Berry Plastics Corp., 36 NY3d 595, 603 [2021]; Samiento v World Yacht Inc., 10 NY3d 70, 77-78 [2008]; Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660 [2006]). " 'As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof' " (Matter of Raynor v Landmark Chrysler, 18 NY3d 48, 56 [2011]; see CIT Bank N.A. v Schiffman, 36 NY3d 550, 559 [2021]; Youngjohn, 36 NY3d at 603). "Although the statutory language is generally the best indication of the legislature's intent, the legislative history of an enactment may also be relevant and is not to be ignored, even if words be clear" (Altman v 285 W. Fourth LLC, 31 NY3d 178, 185 [2018], rearg denied 31 NY3d 1136 [2018] [internal quotation marks omitted]; see CIT Bank N.A., 36 NY3d at 559; Nostrom v A.W. Chesterton Co., 15 NY3d 502, 507 [2010]). Thus, "inquiry should be made into the spirit and purpose of the legislation, which requires examination of the statutory context of the provision as well as its [*3]legislative history" (Nostrom, 15 NY3d at 507 [internal quotation marks omitted]; see CIT Bank N.A., 36 NY3d at 559). In all events, "[c]ourts are guided in [their] analysis by the familiar principle that a statute . . . must be construed as a whole and that its various sections must be considered together and with reference to each other" (Youngjohn, 36 NY3d at 603 [internal quotation marks omitted]). "Courts should 'give [a] statute a sensible and practical over-all construction, which is consistent with and furthers its scheme and purpose and which harmonizes all its interlocking provisions' " (id. at 603-604).
Here, giving the statute a sensible and practical overall construction that is consistent with and furthers its scheme and purpose while also harmonizing its provisions, we conclude that the statute required that the Board "levy an assessment" (Workers' Compensation Law § 50 [3-a] [7] [former (b)]) but that the 120-day period in which to do so was directory, not mandatory, and therefore did not act as a bar to the imposition of subsequent assessments. Where, as here, a statute imposes "a time limit within which an administrative agency is to act, such a provision will be considered directory, rather than mandatory, 'unless the language used by the [l]egislature shows that the designation of time was intended as a limitation on the power of the body or officer' " (Matter of Pena v New York State Gaming Commn., 127 AD3d 1287, 1289 [3d Dept 2015], appeal dismissed 25 NY3d 1059 [2015], lv denied 26 NY3d 903 [2015], quoting Matter of Grossman v Rankin, 43 NY2d 493, 501 [1977]; see McKinney's Cons Laws of NY, Book 1, Statutes
§ 171). "Such a determination requires consideration of the language of the statute and the legislative intent" (Pena, 127 AD3d at 1289; see Matter of Syquia v Board of Educ. of Harpursville Cent. School Dist., 80 NY2d 531, 536 [1992]; Matter of King v Carey, 57 NY2d 505, 513 [1982]).
There is no indication that the legislature intended that the
120-day time period would limit plaintiff's power to subsequently make a more complete evaluation of a GSIT's deficit and thereafter levy another assessment against members of a defaulted GSIT to cover the full amount of the GSIT's liabilities. To the contrary, the 2008 amendment that added the statutory language at issue here was specifically intended to "strengthen[ ] regulation of group self-insurers" and also to "provide short term funding to pay the immediate costs resulting from . . . defaults" (Senate Introducer's Mem in Support, Bill Jacket, L 2008, ch 139 at 7 [emphasis added]). Moreover, the third sentence of Workers' Compensation Law § 50 (3-a) (7) (former [b]), when read in the context of the statute's purpose of strengthening regulation of GSITs while providing short-term funding following defaults, suggests that the
120-day period in which to levy an assessment in an amount necessary to discharge all liabilities was not intended to be mandatory. Inasmuch as that sentence provided that members of GSITs would "remain jointly and severally responsible for all liabilities" (§ 50 [3-a] [7] [former (b)]), we conclude that the legislature did not intend that GSIT members would be able to avoid responsibility for the liability of the defaulted GSIT if plaintiff failed to levy a sufficient assessment against them within 120 days of default. Indeed, adopting the reading urged by defendants—that the statute permanently absolved GSIT members of any liability not reconciled within the 120-day period—would violate "the spirit and purpose of the legislation" (Nostrom, 15 NY3d at 507 [internal quotation marks omitted]; see New York State Workers' Compensation Bd. v 21st Century Constr. Corp., 58 Misc 3d 1211[A], *7 [Sup Ct, Albany County 2018]).
We agree with defendants that Supreme Court erred in denying their motion insofar as it sought summary judgment dismissing the second cause of action against them. We therefore modify the order and judgment accordingly.
The State Finance Law authorizes a collection fee, not to exceed 22% of the outstanding debt to the state, "to cover the cost of processing, handling and collecting" the debt where the debtor has failed to remit payment within 90 days of receiving the first billing invoice or notice (§ 18 [5]; see Lawyers' Fund for Client Protection of State of N.Y. v Bank Leumi Trust Co. of N.Y., 94 NY2d 398, 408 [2000]; New York State Thruway Auth. v Allied Waste Servs. of N. Am., LLC, 143 AD3d 1145, 1146-1147 [3d Dept 2016]). "The statute defines a 'debt' as a 'liquidated sum due and owing any state agency,' with the term 'liquidated' being defined as 'an amount which is fixed or certain or capable of being readily calculated, whether or not the underlying liability or amount of the debt is disputed' " (Allied Waste Servs., 143 AD3d at 1147, quoting § 18 [1] [b], [d]).
Here, as defendants contend and as plaintiff correctly acknowledges, the calculation of the Trust's deficit has fluctuated considerably over time. Given the continually changing assessments, the Trust's deficit cannot be considered a "liquidated sum due and owing" to plaintiff because the amount is not "fixed or certain or capable of being readily calculated" (State Finance Law § 18 [1] [b], [d]; see Lawyers' Fund for Client Protection of State of N.Y., 94 NY2d at 408; Allied Waste Servs., 143 AD3d at 1147).
We have considered defendants' remaining contentions and conclude that none warrants further modification or reversal of the order and judgment.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court