Kelly v Prohaska (2024 NY Slip Op 00527)

Kelly v Prohaska

2024 NY Slip Op 00527

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, GREENWOOD, NOWAK, AND DELCONTE, JJ.

832 CA 23-00529

[*1]TAMMY L. KELLY AND MICHELLE MOUDY, AS GUARDIANS OF THE PERSON AND PROPERTY OF JOHN M. MOUDY, PLAINTIFFS-APPELLANTS,
v
NICHOLAS J. PROHASKA, DEFENDANT, AND SNAP-ON CREDIT LLC, DEFENDANT-RESPONDENT. 

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JOSEPH R. DARIN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered March 17, 2023. The order granted the motion of defendant Snap-on Credit LLC for summary judgment and denied the cross-motion of plaintiffs for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part, reinstating the complaint against defendant Snap-on Credit LLC insofar as the complaint, as amplified by the bill of particulars, alleges that defendant Snap-on Credit LLC is vicariously liable for the negligence of defendant Nicholas J. Prohaska, granting the cross-motion in part, and dismissing the 11th affirmative defense in the amended answer of defendant Snap-on Credit LLC, and as modified the order is affirmed without costs.
Memorandum: In this personal injury action arising from a motor vehicle accident, plaintiffs, as guardians of the person and property of John M. Moudy (Moudy), appeal from an order that granted the motion of defendant Snap-on Credit LLC (Snap-on Credit) seeking summary judgment dismissing the complaint against it and denied the cross-motion of plaintiffs seeking, inter alia, partial summary judgment dismissing Snap-on Credit's affirmative defense based on the Graves Amendment (49 USC § 30106). Defendant Nicholas J. Prohaska was a franchisee of a company affiliated with Snap-on Credit and was the operator of the vehicle (Snap-on van) that struck Moudy. The Snap-on van was owned by Snap-on Credit and was leased to Prohaska.
Plaintiffs initially contend that Supreme Court erred in granting Snap-on Credit's motion because Snap-on Credit failed to establish the applicability of the Graves Amendment. "[T]he Graves Amendment provides, generally, that the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle by reason of being the owner of the vehicle for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease if: (1) the owner is engaged in the trade or business of renting or leasing motor vehicles, and (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner)" (Quinniey v Blumlein, 151 AD3d 1763, 1763 [4th Dept 2017] [internal quotation marks omitted]; see 49 USC § 30106).
With respect to the second factor, Snap-on Credit established on its motion that it was free of direct negligence inasmuch as it was not responsible for hiring or supervising Prohaska, who was not a Snap-on Credit employee. In opposition to the motion, plaintiffs failed to raise a triable issue of fact in that regard. Indeed, plaintiffs did not oppose the motion to the extent that [*2]it sought dismissal of their direct claims of negligence and do not address the dismissal of those claims in their brief on appeal, and plaintiffs have therefore abandoned those claims (see Allington v Templeton Found., 167 AD3d 1437, 1439 [4th Dept 2018]; Donna Prince L. v Waters, 48 AD3d 1137, 1138 [4th Dept 2008]).
With respect to the first factor, however, we agree with plaintiffs that Snap-on Credit failed to establish on its motion that it was "engaged in the trade or business of renting or leasing motor vehicles" within the meaning and intent of the Graves Amendment (49 USC § 30106 [a] [1]; see generally Altman v 285 W. Fourth LLC, 31 NY3d 178, 185 [2018], rearg denied 31 NY3d 1136 [2018]; New York State Workers' Compensation Bd. v Episcopal Church Home & Affiliates, Inc., 218 AD3d 1317, 1319 [4th Dept 2023]). Snap-on Credit's submissions established that it leased only one type of vehicle, i.e., vans of the same type as the Snap-on van, to franchisees such as Prohaska, and that Snap-on Credit did not lease vehicles to the general public. Although Snap-on Credit submitted the deposition testimony of a representative establishing that approximately 15% of Snap-on Credit's business involved the financing of business loans to franchisees and the leasing of vans to franchisees, who were required to either buy or lease such vans under the terms of the franchise agreements, Snap-on Credit's submissions did not indicate how many franchisees leased the vans as opposed to buying them. Under these circumstances, we conclude that Snap-on Credit failed to meet its initial burden on its motion of establishing that the Graves Amendment protects it from liability in this case, and that the court thus erred in granting Snap-on Credit's motion insofar as it sought summary judgment dismissing plaintiffs' vicarious liability claims against it (see 49 USC § 30106 [a] [1]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). We therefore modify the order accordingly.
We further agree with plaintiffs that they established on their cross-motion that the Graves Amendment is inapplicable to protect Snap-on Credit from liability in this case and that, in opposition, Snap-on Credit failed to raise a triable issue of fact (see generally Alvarez, 68 NY2d at 324). Thus, Snap-on Credit's affirmative defense based on the Graves Amendment should be dismissed, and we therefore further modify the order accordingly.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court