■ HENRYK LUPINSKY, Respondent, v WINDHAM CONSTRUCTION CORP., Appellant and Third-Party Plaintiff-Appellant. SAFEWAY ENVIRONMENTAL CORP., Third-Party Defendant-Respondent. [739 NYS2d 717] —Order, Supreme Court, Bronx County (Michael DeMarco, J.), entered on or about December 19, 2000, which, to the extent appealed from, denied defendant's motion for summary judgment insofar as it sought dismissal of plaintiff's negligence cause of action and granted third-party defendant's motion for summary judgment dismissing the third-party action, unanimously modified, on the law, to grant the motion for summary judgment dismissing the complaint, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

At the time of his injury, plaintiff was employed by third-party defendant Safeway Environmental Corp. During his examination before trial, plaintiff testified that he fell from scaffolding erected in an alleyway between an apartment building and the bus terminal being demolished. He stated that the scaffolding had been constructed by "[o]ur workers," specifically identifying one of the builders as Zbigniew Glarzewski. Likewise, Michael Mazzucca, the operations manager for defendant Windham Construction Corp., testified that his employer was retained by Safeway to construct only a sidewalk bridge along the frontage of the terminal, stating, "we did not erect a scaffold in the alley way. Our work was done on the perimeter of the building and on the roof of the building, we did not work in the alley way at any time."

In opposition to defendant Windham's summary judgment

motion, plaintiff offered only the affidavit of counsel. The attempt to generate a factual dispute concerning which entity erected the scaffolding in the alley is flatly contradicted by the evidence. Moreover, plaintiff's cursory affidavit, stating, "I fully adopt all of the information contained therein," falls short of a repudiation of his previous deposition testimony.

Generally, a self-serving affidavit offered to contradict deposition testimony does not raise a bona fide question of fact and will be disregarded (*Joe v Orbit Indus.*, 269 AD2d 121, 122; *Kistoo v City of New York*, 195 AD2d 403, 404; *Prunty v Keltie's Bum Steer*, 163 AD2d 595, 596). If a plaintiff's self-serving affidavit, submitted in an attempt to retract a previous admission, is insufficient to avoid summary judgment (*e.g.*, *Columbus Trust Co. v Campolo*, 110 AD2d 616, *affd* 66 NY2d 701 *for reasons stated below*), the affidavit of counsel is even less compelling; an attorney's affidavit is accorded no probative value unless accompanied by documentary evidence that constitutes admissible proof (*Zuckerman v City of New York*, 49 NY2d 557, 563). Concur—Williams, P.J., Saxe, Buckley, Ellerin and Rubin, JJ.