*834 OPINION OF THE COURT
Arlene P. Bluth, J.
Plaintiff moves for summary judgment pursuant to CPLR 3212. For the following reasons, the plaintiffs motion is denied.
In this action, plaintiff Vista Surgical Supplies, Inc. seeks to recover first-party no-fault benefits in the amount of $1,282, plus statutory fees, interest, costs, and attorneys’ fees, for medical supplies it allegedly furnished to plaintiffs assignor, Julian Rosario, on February 5, 2003. Plaintiff argues that defendant failed to timely deny its no-fault claims.
The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence in admissible form to demonstrate the absence of any material issues of fact. (See Alvarez v Prospect Hosp., 68 NY2d 320 [1986].) The motion must be supported by an affidavit from a person with knowledge of the facts, setting forth all material facts. (See CPLR 3212 [b].) If, in opposing the motion, the other party comes forward with evidence of issues of fact requiring a trial, the motion will be denied. (See Rebecchi v Whitmore, 172 AD2d 600 [2d Dept 1991].)
In a no-fault context, a health care provider establishes prima facie entitlement to summary judgment as a matter of law by submitting proof in admissible form demonstrating that it is an assignee under a properly executed assignment, that the prescribed statutory claim form, setting forth the fact and amount of the loss sustained, was mailed to and received by the defendant, and that payment of no-fault benefits is overdue. (See 11 NYCRR 65-3.11 [b] [2]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2d Dept 2004]; Triboro Chiropractic & Acupuncture P.L.L.C. v Electric Ins. Co., 2 Misc 3d 135[A], 2004 NY Slip Op 50215[U] [App Term, 2d & 11th Jud Dists 2004].) If the plaintiff makes out its prima facie case, the burden then shifts to the defendant.
In support of the motion, plaintiff submits the affirmation of its attorney and affidavit from an officer of plaintiff. It is axiomatic that a party’s attorney “who lacks personal knowledge of the essential facts, is of no probative value and is insufficient to support an award of summary judgment.” (Peters v City of New York, 5 Misc 3d 1020[A], 2004 NY Slip Op 51469, *8 [Sup Ct, Kings County 2004]; see also Zuckerman v City of New York, 49 NY2d 557 [1980]; Amaze Med. Supply Inc. v Allstate *835 Ins. Co., 3 Misc 3d 133[A], 2004 NY Slip Op 50447[U] [App Term, 2d & 11th Jud Dists 2004]; Lupinsky v Windham, Constr. Corp., 293 AD2d 317 [1st Dept 2002].)
The affidavit of Igor Kats, an officer of Vista Surgical Supplies, is also insufficient. Mr. Kats’ affidavit contains no recitations of fact particular to this case, such as the dates of service, the supplies allegedly provided, dates of mailing or amount outstanding. Rather, Mr. Kats’ affidavit contains boilerplate language* about the authenticity of nonspecified bills and assignment from a nonspecified assignor which was witnessed either by him or someone on his staff in his office on an unspecified date. Instead of setting forth the facts in admissible form, Mr. Kats merely adopts the statements of plaintiffs counsel as contained in the attorney’s affirmation. By adopting the contents of an affirmation which has no probative value, the plaintiffs affidavit — itself barren of material facts — is also of no probative value.
Moreover, in his affidavit, Mr. Kats declares that “[t]he above is the same testimony that I would present to this court at trial.” If it came to that, plaintiff would lose at trial for failure to set forth a prima facie case. At trial, Mr. Kats would not be able to say, “I adopt whatever my attorney said.”
Because plaintiffs affidavit does not satisfy CPLR 3212 (b), plaintiff is not entitled to summary judgment. Accordingly, plaintiffs motion is denied.

 Indeed, Mr. Kats’ affidavit is identical to the one he submitted in at least two completely different cases (under Index Nos. 064662/04 and 056074/04), decided simultaneously herewith.