■ VESTA CAPITAL MANAGEMENT LLC, Appellant, v THE CHATTERJEE GROUP et al., Respondents. [910 NYS2d 64]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered September 2, 2009, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

"Mere assertion by one that contract language means something to him, where it is otherwise clear, unequivocal and understandable when read in connection with the whole contract, is not in and of itself enough to raise a triable issue of fact" (*Unisys Corp. v Hercules Inc.*, 224 AD2d 365, 367 [1996] [internal quotation marks omitted]). The subject agreement makes clear that the shares of stock had to be sold before plaintiff's profit could be calculated. Thus, there is no support in the record for plaintiff's principal's contention that plaintiff could demand payment under the agreement at any time. Moreover, the record contains actions and statements by the parties prior to litigation demonstrating that they interpreted the term "profit" to mean "realized gains" calculated at the time of the sale of the stock (*Ocean Transp. Line, Inc. v American Philippine Fiber Indus., Inc.*, 743 F2d 85, 91 [2d Cir 1984]). Thus, plaintiff's principal's affidavit stating that she understood that "profit" meant the value of a marketable investment less the cost of the investment is insufficient to raise an issue of fact as to the meaning of that term (*see Lupinsky v Windham Constr. Corp*, 293 AD2d 317, 318 [2002]).

Contrary to plaintiff's argument, its principal's December 31, 2000 e-mail and June 1, 2005 letter were properly considered by the motion court, since they did not contain offers of compromise and thus were not inadmissible settlement communications pursuant to CPLR 4547. Concur—Mazzarelli, J.P., Friedman, Catterson, DeGrasse and Manzanet-Daniels, JJ.