B.D. v E.D. (2023 NY Slip Op 03971)

B.D. v E.D.

2023 NY Slip Op 03971

Decided on July 27, 2023

Appellate Division, First Department

Higgitt, J. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 27, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick
Lizbeth González, Tanya R. Kennedy, John R. Higgitt

Index No. 307484/13 Appeal No. 111 Case No. 2022-03245 

[*1]B.D., Plaintiff-Respondent,
v
E.D., Defendant-Appellant.

Defendant appeals from an order of the Supreme Court, New York County (Ariel D. Chesler, J.), entered May 24, 2022, which, to the extent appealed from as limited by the briefs, denied defendant mother's motion to direct plaintiff father to pay for continued medical insurance coverage under New York State's Age 29 Law for the parties' eligible children, to reimburse the daughter for payments already made, and for counsel fees.

Cavallo Law, PLLC, New York (Carrie Anne Cavallo of counsel), for appellant.
Berkman Bottger Newman & Schein, LLP, New York (Michael C. Daab of counsel), for respondent.

Higgitt, J. 

This appeal involves the interplay of the specific language of a stipulation of settlement and agreement between parties in a matrimonial action relating to the plaintiff father's obligation to maintain and pay for health insurance for the parties' adult daughter, and a 14-year-old New York State insurance law  the Age 29 Law (L 2009, ch 240)  that expands access to health insurance for unmarried children of insureds. The stakes here: whether plaintiff's obligation to maintain and pay for the daughter's health insurance terminated when she turned 26 years old (when her coverage as a dependent under plaintiff's employer-subsidized family-health-insurance policy terminated) or whether that obligation continues through the age of 29 (when her ability to obtain coverage pursuant to the Age 29 Law ceases). Based on the clear and unambiguous language chosen by the parties to frame plaintiff's obligation to maintain and pay for health insurance for the daughter and the demands of the Age 29 Law, we conclude that plaintiff is obligated to pay for health insurance coverage that his daughter obtained pursuant to that law.
I.
The parties married on May 26, 1996, and have two children: a daughter, T.D., and a son, A.D., who is one year younger than T.D.
In June 2013, plaintiff commenced this divorce action. On December 8, 2014, the parties entered into a so-ordered stipulation resolving their disputes. By a written stipulation of settlement and agreement (the agreement), effective February 17, 2015, the parties augmented the terms of the so-ordered stipulation.[FN1] Article VI of the agreement addresses child support. Section 6.3 is at the center of this appeal.
That provision, which concerns the children's medical insurance and expenses, provides that
"The Children are currently covered under [plaintiff's] medical insurance (United Healthcare Choice Plus, Health Plan [xxxxx] xxx-xxxxx-xx, Member ID: xxxxxxxxx, Group Number: xxxxxx). [Plaintiff] shall keep and maintain for the benefit of the Child such health and medical insurance plans greater than or equal to the coverage presently provided by his employer until the latter of (i) each Child is emancipated pursuant to this Agreement; (ii) each Child is no longer allowed by law to be covered under a parent's insurance."
At the time the parties entered into the agreement, T.D. was 19 years [*2]old, and was covered as a dependent under the family health insurance policy (the family policy) plaintiff maintained through his employer, which the employer subsidized.
The judgment of divorce was entered in May 2015.
II.
In March 2022, when T.D. was 26 years old, defendant sought an order, among other things, directing plaintiff to maintain and pay for health insurance for T.D., and to reimburse T.D. for any health insurance premiums she had paid. Defendant, pointing to § 6.3 of the agreement, contended that plaintiff was obligated to maintain and pay for T.D.'s health insurance until she "is no longer allowed by law to be covered under a parent's insurance"; the Age 29 Law requires health insurers to provide coverage for an unmarried child of an insured through age 29; and, therefore, the daughter was allowed by law to be covered under plaintiff's insurance.[FN2]
Plaintiff opposed defendant's motion, maintaining that § 6.3 is ambiguous and that the parties never contemplated that he would be responsible for the children's health insurance after they turned 26. Plaintiff asserted that it was customary for a child's health insurance to end when the child reaches age 26. Twenty-six is not a random number: under the Affordable Care Act (42 USC § 18001 et seq.), health insurers are generally required to make health insurance coverage available to the children of insureds until the children reach age 26.
In opposition to the motion, plaintiff submitted an affidavit describing the significant financial consequences to him of maintaining coverage for T.D. pursuant to the Age 29 Law, because his employer would not subsidize coverage for the daughter pursuant to that law. Plaintiff also submitted the affidavit of his counsel during the divorce proceedings, who averred that there were no discussions during his representation of plaintiff that the obligation to maintain health insurance for the children would continue after they turned 26. Counsel further averred that, although the Age 29 Law went into effect in 2009, approximately six years before the parties entered into the agreement, neither he nor plaintiff was aware of that law, and that the reference to the "law" in § 6.3 was to the Affordable Care Act.[FN3] Plaintiff also submitted correspondence from an individual in his employer's human resources department and an individual employed by his insurer that indicated that, upon turning 26 years old, T.D. was no longer eligible for coverage under his family plan, although she was able "to purchase continued coverage" pursuant to the Age 29 Law through the employer's plan.
In a thorough decision, Supreme Court denied defendant's motion (B.D. v E.D., 75 Misc 3d 828 [Sup Ct, NY County 2022]). The court concluded that the phrase until "each Child is no longer allowed by law to be covered under a parent's insurance" in § 6.3 is ambiguous, i.e., is susceptible of more than one meaning. The court found that the pertinent language of § 6.3 could be [*3]read to require plaintiff to maintain health insurance for T.D. as long as she is allowed by law to be a dependent under plaintiff's family plan, which would be until she turns 26. Alternatively, the language could be read to require plaintiff to maintain health insurance for T.D. through age 29 pursuant to the Age 29 Law. The court determined that "a practical and reasonable interpretation of the language is that [p]laintiff would be obligated to maintain health insurance for the children so long as they could legally be dependents under his plan" (id. at 835). Had the parties intended to place on plaintiff the burden of maintaining health insurance for T.D. pursuant to the Age 29 Law, the court observed, they could have specified so. Because it found § 6.3 ambiguous, the court considered the affidavits and other extrinsic evidence, and highlighted plaintiff's matrimonial counsel's averments that the provision of coverage after a child turned 26 was not contemplated by the parties.
III.
On her appeal, defendant argues that the agreement unambiguously required plaintiff to maintain health insurance for T.D. pursuant to the Age 29 Law because T.D. was allowed by that law to be covered under plaintiff's insurance. Defendant argues, too, that if the parties intended to limit plaintiff's obligation under § 6.3 to that imposed by the Affordable Care Act, they could have referred to that specific law. Similarly, defendant asserts that plaintiff's obligation under § 6.3 is not limited to maintaining and paying for coverage for T.D. so long as she is his dependent. Because the agreement is unambiguous, contends defendant, consideration of extrinsic evidence, such as the affidavits submitted by plaintiff and his prior counsel, is not permissible.
Lastly, defendant insists that if the agreement is ambiguous, further proceedings before the trial court are necessary to ascertain the meaning of the ambiguous language.
Plaintiff counters that the agreement unambiguously supports his reading of the document: that plaintiff was not responsible for maintaining T.D.'s health insurance after she turned 26. Plaintiff argues that, upon reaching 26 years old, T.D.'s coverage under his family policy terminated consistent with the requirements of the Affordable Care Act, and the new policy afforded to T.D. pursuant to the Age 29 Law was not provided "under [plaintiff's] insurance" within the meaning of § 6.3. Plaintiff also argues that if the agreement is ambiguous, his evidence demonstrates that the parties intended to limit his obligation to maintain health insurance for T.D. until she reached 26. Plaintiff notes that the scope of coverage under T.D.'s policy pursuant to the Age 29 Law is different from that afforded under his family policy; that she carries the policy pursuant to the Age 29 Law in her own name (as opposed to being a dependent on plaintiff's family policy), and that her policy pursuant to the Age 29 Law costs $1,300 per month and plaintiff's [*4]employer pays no portion of it. Ultimately, according to plaintiff, the policy pursuant to the Age 29 Law is an independent policy, not coverage "under [plaintiff's] insurance."
IV.
A stipulation of settlement resolving a matrimonial action is a contract, and is therefore subject to basic contract interpretation principles (see Rainbow v Swisher, 72 NY2d 106, 109 [1988]).
A contract is interpreted in accordance with the intent of the parties and the best evidence of their intent is what they express in their written agreement (Schron v Troutman Sanders LLP, 20 NY3d 430, 436 [2013]; Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). Clear, unambiguous contractual terms must be enforced according to their plain meaning (Greenfield v Philles Records, 98 NY2d at 569; see Ellington v EMI Music, Inc., 24 NY3d 239, 244 [2014]); when the terms are clear and unambiguous, the court cannot look beyond the four corners of the contract (Ellington v EMI Music, Inc., 24 NY3d at 244; see Kass v Kass, 91 NY2d 554, 566 [1998]).
A contract is unambiguous if, on its face, it is reasonably susceptible of only one meaning (see White v Continental Cas. Co., 9 NY3d 264, 267 [2007]; Greenfield v Philles Records, 98 NY2d at 569-570; see also Ellington v EMI Music, Inc., 24 NY3d at 244). Whether a contract is ambiguous is determined by examining the entire agreement and considering the relation of the parties and the circumstances under which the agreement was entered, with the wording to be considered in light of the obligation as a whole and the intention of the parties manifested thereby (see Kass v Kass, 91 NY2d at 566). A court should not strain to find an ambiguity in contractual terms (see Uribe v Merchants Bank of N.Y., 91 NY2d 336, 341 [1998]).
The language at the center of the parties' dispute  "each Child is no longer allowed by law to be covered under [plaintiff's] insurance"  contains two separate phrases that have engendered controversy in this litigation. The first is "allowed by law," and the second is "covered under [plaintiff's] insurance."
With regard to the first phrase, in light of the context of the agreement as a whole, the meaning of that phrase is clear and unambiguous: plaintiff must maintain and pay for health insurance for T.D. so long as any relevant law permits coverage. To limit the law or laws applicable in § 6.3 would distort the meaning of the phrase "allowed by law" (see Consedine v Portville Cent. School Dist., 12 NY3d 286, 293 [2009]). If the parties, both of whom were represented by counsel at all relevant times, wanted plaintiff's obligation under § 6.3 to be tied to or controlled by any particular law or laws, they could have specified the normative authority that defined plaintiff's duties. They chose not to do so. Relatedly, if plaintiff wanted to limit his § 6.3 obligation, he could have bargained for express limitations; he opted to assent to broad terms.
As disclosed above, two relevant laws have been [*5]identified by the parties that inform the meaning of § 6.3: the federal Affordable Care Act and New York's Age 29 Law.
As observed by Supreme Court (and the parties do not dispute), "[u]nder the Affordable Care Act, effective September 23, 2010, plans and insurers that offer coverage to children on their parents' plan were required to make the coverage available until the adult child reaches the age of 26" (75 Misc 3d at 830 [internal citation omitted]).
New York's Age 29 Law, which was effective approximately one year before the Affordable Care Act, amended various sections of the State's Insurance Law to "expand[] access to health insurance by allowing unmarried children through age 29, regardless of financial dependence, to be covered under a parent's group health insurance policy" (Assembly Mem in Support, Bill Jacket, 2009, ch 240, Purpose [emphasis added]).[FN4] Specifically, the Age 29 Law "expands access to health insurance through a COBRA-like benefit for young adults by requiring commercial insurers, non-profit corporations and HMOs to offer an option to continue coverage for unmarried young adults through age 29, regardless of financial dependence, under a parent's group health insurance policy" (id., Statement of Purpose [emphasis added]).[FN5] Pursuant to the Age 29 Law, a parent's health insurance serves as the basis for coverage for an eligible adult child who has otherwise aged off of the parent's policy.
While T.D., upon turning 26 years old, was no longer able to obtain health insurance pursuant to the Affordable Care Act, T.D. was able to (and did) obtain health insurance pursuant to the Age 29 Law.[FN6] That is to say, owing to the Age 29 Law, T.D., by virtue of the fact that plaintiff has health insurance through his employer, was "allowed by law" to obtain health insurance coverage under plaintiff's insurance.
Plaintiff's contention that the parties needed to specify that plaintiff's obligation was tied to the Age 29 Law because that law is "unique" is without merit. That the Age 29 Law may be "unique" is irrelevant; however one chooses to characterize that law, it is no less a "law" under § 6.3.
The second § 6.3 phrase at issue  "covered under [plaintiff's] insurance"  is similarly clear and unambiguous. That phrase, read in light of the context of the agreement as a whole, plainly refers to health insurance coverage under plaintiff's employer's medical insurance plan (or such other insurance plan under which plaintiff obtains health insurance coverage). Like the agreement's reference to the "law," the reference to "a parent's insurance" is broad, and unrestricted by any particular qualifier (such as a specific policy or type of policy).[FN7]
Reading the phrase "under [plaintiff's] insurance" to mean health insurance coverage under plaintiff's employer's health insurance plan is consistent with § 6.6, which provides that, "[i]n the event that [plaintiff] is no longer able to maintain health insurance coverage for the [*6]benefit of the child through his employer or subsequent employer, [plaintiff] agrees that he shall be 100% responsible for securing and paying for the continued coverage of comparable health insurance, for the benefit of the children, for as long as required hereunder [see § 6.3]." Clearly the parties contemplated that plaintiff might not be able to maintain health insurance for T.D. under the family plan, and they planned for that contingency, requiring plaintiff to maintain health insurance for T.D. "greater than or equal to the coverage presently provided by his employer [under the family plan]" (§ 6.3) and to be "100% responsible for securing and paying for the continued coverage of comparable health insurance" (§ 6.6) (see Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 581 [2017] [court should read a contract as a harmonious and integrated whole]). To read "under [plaintiff's] insurance" in § 6.3 to mean "under [plaintiff's family plan]" would leave § 6.6 with little to no force (see Two Guys from Harrison-N.Y., Inc. v S.F.R Realty Assoc., 63 NY2d 396, 403 [1984]).
Ultimately, the practical and reasonable interpretation of § 6.3 is that, to the extent plaintiff can maintain health insurance for T.D. through his employer, he is required to do so as long as any relevant law permits coverage for T.D. As he acknowledges in his brief (and as the evidence he submitted in opposition to the motion establishes), T.D. has coverage under the same health insurance plan provided by plaintiff's employer to its employees. Thus, by virtue of the fact that plaintiff has health insurance through his employer, Age 29 Law coverage is available to T.D.
Because the agreement is clear and unambiguous, reference to extrinsic evidence is not permissible (see Consedine v Portville Cent. School Dist., 12 NY3d at 293). We note that extrinsic evidence cannot be used to cast doubt on the meaning of clear and unambiguous contractual terms (see Brad H. v City of New York, 17 NY3d 180, 186 [2011]). Moreover, that one party attaches a particular, subjective meaning to a term or phrase that differs from the term's or phrase's plain meaning does not render the term or phrase ambiguous (see Moore v Kopel, 237 AD2d 124, 125 [1st Dept 1997]; see also Vesta Capital Mgt. LLC v Chatterjee Group, 78 AD3d 411, 411 [1st Dept 2010]).
While plaintiff complains of the costs associated with a policy provided pursuant to the Age 29 Law and points out that, consistent with that law, his employer does not subsidize any portion of those costs, we enforce the plain language of the agreement regardless of any economic hardship that plaintiff may encounter (see JFK Holding Co. v City of New York, 21 NY3d 722, 728 [2013]). Of course, we may not rewrite the plain contractual language in an effort to right some perceived inequity in the parties' bargain (see Greenfield v Philles Records, 98 NY2d at 570 ["a court is not free to alter the contract [*7]to reflect its personal notions of fairness and equity"]).
In light of our determination that the aspects of defendant's motion seeking to compel plaintiff to pay for T.D.'s coverage pursuant to the Age 29 Law and to reimburse T.D. for any payments she has made for such coverage should be granted, we remand the matter to Supreme Court to consider anew that aspect of defendant's motion seeking attorneys' fees.
Accordingly, the order of the Supreme Court, New York County (Ariel D. Chesler, J.), entered May 24, 2022, which, to the extent appealed from as limited by the briefs, denied defendant mother's motion to direct plaintiff father to pay for continued medical insurance coverage under New York State's Age 29 Law for the parties' eligible children, to reimburse the daughter for payments already made, and for counsel fees, should be modified, on the law, to grant defendant's motion to the extent of directing plaintiff to pay for Age 29 Law health insurance for the parties' daughter, T.D., until she is no longer eligible for coverage pursuant to that law, and to reimburse T.D. for payments she has made for such coverage, the matter remanded for further proceeding consistent
with this decision and order, and otherwise affirmed, without costs.
Order, Supreme Court, New York County (Ariel D. Chesler, J.), entered May 24, 2022, which, to the extent appealed from as limited by the briefs, denied defendant mother's motion to direct plaintiff father to pay for continued medical insurance coverage under New York State's Age 29 Law for the parties' eligible children, to reimburse the daughter for payments already made, and for counsel fees, modified, on the law, to grant defendant's motion to the extent of directing plaintiff to pay for Age 29 Law health insurance for the parties' daughter, T.D., until she is no longer eligible for coverage pursuant to that law, and to reimburse T.D. for payments she has made for such coverage, the matter remanded for further proceeding consistent with this decision and order, and otherwise affirmed, without costs.
Opinion by Higgitt, J. All concur.
Renwick, P.J., González, Kennedy, Higgitt, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 27, 2023

Footnotes

Footnote 1: The agreement was incorporated in but not merged into the judgment of divorce.

Footnote 2: Additionally, defendant wanted the order to direct plaintiff to secure health insurance pursuant to the Age 29 Law for A.D., if and when he is eligible for the benefits of that law. Because A.D.'s eligibility for coverage pursuant to the Age 29 Law have neither been conceded by the parties nor established by the record adduced before the motion court, we do not pass upon whether plaintiff has any obligation to maintain and pay for health insurance for A.D. pursuant to that law.

Footnote 3: Plaintiff cross-moved for counsel fees and costs. The cross-motion was denied, and plaintiff did not appeal from that determination.

Footnote 4: The Age 29 Law amended, among other provisions, Insurance Law §§ 3216 (commercial insurers providing individual health insurance policies), 3221 (commercial insurers providing group health insurance policies), and 4304 and 4305 (not-for-profit corporations and HMOs) to require that the age 29 option be made available to the relevant individuals.

Footnote 5: With respect to commercial insurers that provide group health insurance coverage, the legislation aimed to provide "an option to continue coverage to unmarried children who have 'aged off' of their parents' group health insurance policies. The 'dependent children' may continue to be covered under their parents' group policy through age 29" (id., Summary of Provisions). 

Footnote 6: To qualify for a policy pursuant to the Age 29 Law, the unmarried child must live, work or reside in New York State, and must not be insured or eligible for coverage under any employer-sponsored insurance offered by the child's employer (id., Summary of Provisions).

Footnote 7: Plaintiff notes that § 6.3 opens with an express reference to his family plan and, therefore, the parties expressed their intention that his obligation was limited to providing T.D. coverage under that particular policy. That reference was to the policy under which the children were then "currently" covered; the remainder of § 6.3 and §§ 6.4 and 6.6 make plain that plaintiff's obligation was not linked to any particular policy.